**STATE ex rel. James GRAY, Relator,**

v.

**Honorable Timothy D. O'LEARY, Judge, 16th Judicial Circuit of Missouri, Respondent.**

**No. WD 31153.**

Missouri Court of Appeals, Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1980.

---

Joseph W. Amick, Kansas City, for relator.

Ernest H. Fremont, Jr., and Wm. Dirk Vandever of Popham, Conway, Sweeny, Fremont & Buhcschu, P. C., Kansas City, for respondent Gene Harpster, physician.

Thomas G. Kokoruda and George A. Barton, Shugart, Thomson & Kilroy, Kansas City, for respondent Menorah Medical Center.

Before SOMERVILLE, DIXON, PRITCHARD, TURNAGE, CLARK, MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is an action seeking a writ of prohibition accompanied by a second request for a writ of mandamus or in the alternative a writ of prohibition. Preliminary rule issued in prohibition as regards the first writ sought and upon this appeal, is made absolute. No preliminary rule issued in the alternative writ sought in mandamus/prohibition, but on this appeal, said rule is made absolute in prohibition.

Relator presents two issues to this court. He argues the circuit court's order of March 14, 1979 exceeded the jurisdiction of the court because Chapter 538, RSMo 1978 ascribes no privilege, inadmissibility or non-discoverable status to testimony before the Professional Liability Review Board. Relator further argues the circuit court exceeded its jurisdiction by the issuance of its order of July 27, 1979 which held the transcript of the Professional Liability Review Board should not be made available to relator.

The cause underlying this writ action is a claim for medical negligence filed by relator. The original action was against both the physician and the hospital. Pending these proceedings, settlement with the hospital occurred. Relator was admitted to the hospital and a colon biopsy was performed. He alleges that during his hospital stay, the attending physician ordered a surgical liquid diet for him. Contrary to the physician's order, relator was allegedly served a food tray containing solid food and a coke. Relator alleges that subsequent to this meal, he experienced severe abdominal pain. This was followed by exploratory surgery, which revealed a perforation of the colon. A colostomy was performed, which was reversed six months later.

Relator filed his suit within the required two-year statutory period. Both defendants filed motions to dismiss, alleging that relator failed to comply with the provisions of the newly enacted Chapter 538, RSMo. Dismissal was sought because relator had not submitted his claim to the Professional Liability Review Board (hereafter referred to as the P.L.R.B.) as required by Chapter 538. Relator's suit was dismissed without prejudice on May 19, 1977.

A claim by relator against the same defendants was filed with the P.L.R.B. and a hearing was conducted on April 6, 1978. At this hearing, the defendant physician and relator appeared and testified. Relator alleges the physician testified he gave orders for relator to be placed on a surgical liquid diet. He further alleges the physician testified that the solid food and coke given him (relator) caused a distention of his colon, which in turn caused or contributed to the perforation of his colon. Relator contends there was no evidence of the physician's suspicion of Crohn's disease [1] as the cause of the colon perforation. Hospital records were introduced. Relator alleges the physician testified that if he (relator) was given solid food and a coke, such was against his written instructions and order.

---

[1] Crohn's disease is described as a regional inflammation of the ileum, which is the distal portion of the small intestine. *Dorland's Illustrated Medical Dictionary*, 330 (23rd ed. 1957).

The P.L.R.B. made the following recommendation at the conclusion of the hearing,

"Based upon the evidence presented at the hearing, it is the opinion and recommendation of the Review Board that the respondent, Menorah Medical Center, may be liable to the claimant, James Gray, by reason of its failure to follow the orders of Dr. Gene O. Harpster to administer only medical/liquids to the Claimant on the afternoon of February 3, 1976.

Upon further recommendation, the Board recommends plaintiff's damages to be fixed at $15,000."

The parties rejected the Board's recommendation and suit was refiled in the circuit court within a year of the prior involuntary dismissal without prejudice and within twelve days following the Board's recommendation. During the pendency of the refiled action, the physician was deposed. Relator claims that the physician testified in his deposition that it was his opinion that the perforation of relator's colon was produced because relator suffered from underlying Crohn's disease. Relator contends that the testimony of the physician upon his deposition on the issue of causation was in conflict with his testimony before the P.L.R.B. Relator served notice to depose James Bichell, an attorney who sat on the P.L.R.B. Both defendants filed a motion to quash the notice for deposition. Respondent sustained the defendants' motion on March 14, 1979.

Chapter 538 was declared unconstitutional by our State Supreme Court under date of February 13, 1979 in the case of *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979), see also *LeGrand v. Dash*, 583 S.W.2d 118 (Mo. banc 1979). Following the ruling in this case, relator moved the court reporter who took the notes before the P.L.R.B. to prepare a transcript of the notes. This motion was denied by respondent on July 27, 1979. Relator then applied to this court for a preliminary writ of prohibition seeking to prohibit respondent from enforcing his order of March 14, 1979, which quashed relator's notice to depose attorney James Bichell.

In his application for a writ of prohibition related to the order of March 14, 1979, relator seeks alternative relief by mandamus to compel respondent to either enter an order permitting relator to obtain a copy of the transcript before the P.L.R.B. or alternatively to prohibit respondent from interfering with Relator's attempt to secure a copy of such transcript.

This court entered its preliminary rule in prohibition prohibiting respondent from enforcing his order of March 14, 1979. No preliminary action was taken by this court on Relator's application for an alternative writ of prohibition/mandamus related to respondent's order of July 27, 1979.

Upon the first issue, relator argues that respondent's order of March 14, 1979 was in excess of respondent's jurisdiction because there exists no Supreme Court rule, no statute and no common law precedent which authorizes the trial court to prohibit relator from deposing members of the P.L.R.B.

Respondent argues upon this first issue that his jurisdiction was not exceeded and the exercise thereof was within the purview of Rule 56.01[2] and Chapter 538. The pertinent statutory sections are set forth as follows:

"*538.040. Hearing procedure—effective and operational date.*—1. All hearings before review boards shall be informal, but all testimony shall be given under oath. A stenographic record shall be kept solely for the use of the review board and for use in any perjury actions which might result from testimony before the board.

2. Sections 538.010 to 538.080 shall become effective on January 1, 1977; provided, however, that no professional liability review board shall be convened prior to July 1, 1977."

"*538.050. Rejection of recommendation by party, effect of.*—If any party rejects the recommendations of the

2. Refer to Rule 56.01, Missouri Rules Civil Procedure.

board, or, in the event all parties accept the recommendation of the board but fail to execute an agreement within the period of time provided in section 538.045, the claimant may then proceed to file his action in any court having jurisdiction of the same. No mention of, or reference to, any recommendation of the review board shall be made at the trial, and the statement of recommendations shall not be admissible in evidence."

Upon the second issue, relator argues that since the State Supreme Court, in *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner, supra,* held Chapter 538 to be unconstitutional, prohibition as regards the use of transcript before the P.L.R.B. became void.

Respondent, upon the second issue, argues that to permit use and access to the P.L.R.B. transcript would be grossly unfair to all the parties. It is further contended by respondent that by virtue of a supplemental opinion (by the State Supreme Court) to *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner, supra,* the entirety of Chapter 538 was not declared unconstitutional and although the decision by the State Supreme Court no longer permits the use of Chapter 538 for purposes of compromise and settlement, the testimony heretofore taken by the P.L.R.B. retains its character as compromise negotiations and is therefore inadmissible and undiscoverable.

The issues as presented and joined call upon this court to answer three questions.

(1) Does the language of § 538.040 and § 538.050 limit the use of testimony before the P.L.R.B. upon trial or limit discovery of testimony before the P.L.R.B.?

(2) Does limited use at trial or for purposes of discovery of the testimony before the P.L.R.B. create a gross unfairness to the parties in litigation?

(3) Did the supplemental opinion by the State Supreme Court render Chapter 538 null and void or did it amount to a prospective application of unconstitutionality of a state statute, and does such opinion relate to the prescribed issues in the instant case?

Regarding question no. 1 above, this court is asked to ascertain the intent of the legislature as found within the language of §§ 538.040 and 538.050. Relator argues that the language contained therein is clear and unambiguous and by virtue thereof is not subject to interpretation or construction by the court. Respondent argues this court must interpret by construction the intent of the legislature from the language contained in said statutes. Respondent further argues Relator has a proper remedy by way of appeal on this issue. This court is not persuaded by respondent's second contention because even though requisite to the issuance of a writ, two elements must occur simultaneously. These elements are the lack of jurisdiction and no adequate remedy by way of appeal.

■ Respondent argues relator has an adequate remedy way of appeal. It might be stated that this court was not persuaded by this argument by virtue of the issuance of the preliminary writ of prohibition of December 4, 1979. Be that as it may, it has been declared that the alternative remedy must be "plain, speedy and adequate" and if it does not provide an "equally adequate and efficient" means of relief, the existence of an alternative remedy does not preclude the issuance of a writ, see *State ex rel. Nesbit v. Lasky,* 546, S.W.2d 51, 53 (Mo. App.1977). See also *St. Louis-San Francisco Ry. Co. v. Mayor's Commission on Human Rights and Community Relations of the City of Springfield,* 572 S.W.2d 492, 494 (Mo.App.1978) and 73 C.J.S. *Prohibition* § 15(a) (1951).

The decision by our State Supreme Court which declared Chapter 538 unconstitutional renders interpretation of §§ 538.-040/538.050 unnecessary. Except for the proviso which is discussed later in this opinion, Chapter 538, inclusive of §§ 538.-040/538.050 is null and void because this chapter was declared unconstitutional. It has been held in our state that, " 'An unconstitutional statute is no law and confers no rights . . . This is true from the date of its enactment, and not merely

from the date of the decision so branding it.' *State ex rel. Miller v. O'Malley,* 342 Mo. 641, 652, 117 S.W.2d 319, 324 (Mo. banc 1938); *accord, Norton v. Shelby County,* 118 U.S. 425, 442, 6 S.Ct. 1121, 30 L.Ed. 178 (1886)," cited from *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner, supra,* at 118.

It might be argued that the supplemental opinion, per curiam, in *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner, supra* at 118, leads to a different conclusion as that opinion relates to §§ 538.040/538.050, but careful examination of such supplemental opinion leads to the inescapable conclusion that such supplemental opinion is expressly limited to § 538.020, and expressly limited within that section to the tolling of the statute of limitations. Neither the majority opinion nor the supplemental opinion in *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner, supra,* permits any proviso as such would relate to §§ 538.040/538.050. The supplemental opinion does not control in the instant case, therefore §§ 538.040/538.050, having been declared null and void because of their unconstitutionality cannot operate as a bar to relator's quest for the information sought upon the trial of the instant case. Question number one above is answered in the negative.

■ Respondent contends herein that to permit relator to secure the information sought would be grossly unfair to the parties. One must step back and observed the whole of the situation in order to provide an answer to the question raised by such an argument. Supposing for the moment, Chapter 538 had never been enacted. Would defending parties to this litigation have enjoyed any special privilege or immunity from the normal process of litigation? The answer is obviously no. With the declaration of the unconstitutionality of Chapter 538, the parties now find themselves as they would have without the adoption of the statute. The argument, however, claims that the defending parties would be afforded no protection in matters of confidentiality and would lead to possible inadmissible and undiscoverable evidence.

It appears to this court that the argument misses the main point. The courts are charged with ascertainment of the truth for providing the machinery to expose the truth for the trier of fact, and to insure the orderly development or discovery of the truth within well-described rules of procedure to equally protect the parties.

The trial court is properly equipped to safeguard the discovery and utilization of any evidence which, if used, might violate one or more of the accepted rules of procedure. In addition, truth being the essence of the law, it follows that truth remains ever constant and unchanged. If there be truth, then there should be consistency. The parties to this litigation and the court are charged with the responsibility to discover the truth. There is no merit to the contention that the taking of the proposed deposition or the securing of the transcript would be grossly unfair to the parties herein.

The trial court will continue to monitor this litigation and to insure to all the parties the rights and safeguards to which all are entitled within our adopted rules of procedure. Question two is answered in the negative.

In essence, question three has been answered under one above, and it suffices to state that the supplemental opinion does not declare a general proviso for any prospective application of the unconstitutionality of Chapter 538 except within the expressly narrow area of the tolling of the statute of limitations found or contained within § 538.020. It follows that the supplemental opinion has no application as it relates, if at all, to §§ 538.040/538.050. Question three is answered in the negative.

It is hereby determined that the trial court exceeded its jurisdiction in quashing relator's notice for deposition. For the foregoing reasons, the preliminary rule in prohibition heretofore issued relative to the order of the trial court under date of March 14, 1979 is made absolute. The order of the trial court under date of March 14, 1979 is vacated and the trial court is prohibited

from ordering denial to relator of the deposing of attorney James Bichell.

For the foregoing reasons, it is hereby determined that the trial court exceeded its jurisdiction in denying relator's motion for discovery which sought the transcript of the P.L.R.B. Relator's petition for an alternative writ of prohibition or writ of mandamus is sustained in the nature of prohibition. The rule is made absolute. The order of the trial court of July 27, 1979 is vacated and the trial court is prohibited from ordering denial of such discovery to relator.

All concur.