**STATE of Missouri ex rel. J.W. MARTIN (Relator),**

v.

**Honorable William J. PETERS, Judge Circuit Court of Jackson County, Sixteenth Judicial Circuit and Mickey Gill, Sheriff Buchanan County, Missouri (Respondents).**

**No. WD 33638.**

Missouri Court of Appeals, Western District.

March 29, 1983.

Bert H. Jacob, Kansas City, for relator.

Mimi Droll, McMullin, Wilson & Schwarz, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and PRITCHARD and CLARK, JJ.

ORIGINAL PROCEEDING IN PROHIBITION

CLARK, Judge.

By an original proceeding in this court, J.W. Martin as relator sought an order prohibiting respondent circuit judge, the Honorable William J. Peters, and respondent Sheriff of Buchanan County from proceeding under execution against property to satisfy the judgment debt of one Friedlander. At issue in the contest over the execution was whether Friedlander owned any interest in the property, a 1955 Tri-Pacer Piper airplane, or whether the airplane was the sole property of Martin. The petition in

prohibition contended the circuit judge acted in excess of his jurisdiction when he failed to sustain Martin's motion to quash the execution. As to respondent Sheriff, the petition alleged there was no jurisdiction to seize the airplane because no order under Rule 90.09 had been issued.

The judgment on which the present execution issued was obtained by one Tindle against Friedlander in the Circuit Court of Jackson County, December 5, 1980. That action was a suit on a note given Tindle in July, 1979 for money advanced to Friedlander. Repayment of the note was collateralized by a security interest in the Piper airplane then owned by Friedlander. In the suit against Friedlander, however, Tindle did not seek foreclosure on the collateral, only a money judgment.

Before the Tindle suit against Friedlander was reduced to judgment, Friedlander was also sued by one Timmons and P & L Aviation, Inc. for an account incurred in connection with the Piper airplane. That action produced a judgment against Friedlander and execution issued against the airplane. Friedlander thereupon transferred ownership of the airplane to Timmons and P & L in satisfaction of the judgment. Martin acquired ownership of the airplane by purchase from P & L June 22, 1981, allegedly without notice of Friedlander's debt to Tindle or of the security interest Tindle claimed in the airplane.

The record also indicates that Friedlander filed bankruptcy in 1981 listing Tindle as a secured creditor. In response to objections filed by Tindle, the bankruptcy court entered an order June 29, 1981 declaring the debt owed Tindle not released or affected by the order of discharge granted Friedlander.

The execution which is the subject of this action in prohibition was issued on the December 5, 1980 judgment against Friedlander at the request of Tindle in whose favor the judgment had been rendered. The execution was directed to respondent sheriff and commanded him to levy on the property of Friedlander. At the instruction of Tindle's attorney, the sheriff attached the Piper airplane and placed it in storage. Martin thereafter entered his appearance and moved to quash the execution on the ground the airplane was his property and Friedlander owned no interest in it. At a hearing on the motion before the circuit judge, the facts in substance as related above were established. The circuit judge overruled the motion and this action in prohibition followed.

█ The prime purpose of the writ of prohibition is to prevent usurpation of judicial power, § 530.010, RSMo 1978, not to provide a remedy for all legal difficulties nor serve as a substitute for appeal. *State ex rel. Eggers v. Enright, 609 S.W.2d 381, 382 (Mo. banc 1980).* Two elements must occur simultaneously for the issuance of the writ, lack of jurisdiction and lack of an adequate remedy by appeal. *State ex rel. Gray v. O'Leary, 602 S.W.2d 473, 476 (Mo. App.1980).* Although appeal must provide an adequate remedy, the essential function of prohibition is to confine judicial activities within the limits of cognizable authority, preventing actions in want or excess of the court's jurisdiction. *State ex rel. Eggers v. Enright, supra, 609 S.W.2d at 382.* An act in excess of jurisdiction must be clearly evident, *State ex rel. Tarrasch v. Crow, 622 S.W.2d 928, 937 (Mo. banc 1981),* and there is a presumption of right action in favor of the trial judge. The burden is on the petitioning party to show that the trial judge exceeded his jurisdiction, *State ex rel. Vanderpool Feed v. Sloan, 628 S.W.2d 414, 416 (Mo.App.1982).*

█ When presented with a somewhat complex history of the debts of Friedlander and the ownership transfers of the Piper airplane, the circuit judge was obliged to rule whether Friedlander owned any interest in the airplane subject to execution to satisfy the Tindle judgment. The jurisdiction of the circuit judge to decide that question can scarcely be disputed and is inherent in the control over the judgment which the trial court retains when execution issues. As with any controverted issue, it must be assumed that the decision of the trial court may be correct or erroneous. It

is, however, no cause to invoke the extraordinary remedy of prohibition merely because the relator contends or purports to demonstrate that the ruling made is erroneous. The remedy to correct that error is by appeal. Martin makes no case here of action in excess of the trial court's jurisdiction, only a contention of erroneous disposition of the motion. On the traditional limitations which circumscribe extraordinary writs, prohibition does not lie.

Apart from the fact issue as to whether the property attached was wrongfully seized because not owned by the judgment debtor, Martin also contends that prohibition appropriately lies because the judgment on which the execution issued was void. He makes this argument based on the discharge given Friedlander in bankruptcy. Some analysis of what occurred in that case is necessary to an understanding of the issue.

We have before us only the order entered by the bankruptcy judge, but from that, some facts may be inferred. The content of the order requires the conclusion that Tindle objected to Friedlander's bankruptcy discharge and proved that Friedlander had transferred the airplane to P & L contrary to the provisions of Tindle's security agreement. That transfer amounted to a conversion of the security and was unauthorized. Section 523(a)(6) of the bankruptcy code excepts from the discharge any debt for willful and malicious injury by the debtor to the property of another. The order entered by the bankruptcy judge relies on this section as the basis for excepting from Friedlander's discharge the debt to Tindle.

Martin contends the effect of the bankruptcy court judgment to have been a discharge of the debt originating in the note and merged in the circuit court judgment, and an exception of a debt arising out of the willful and malicious injury caused when Friedlander transferred the airplane to P & L. Martin's argument in this respect gains some support from the fact that the bankruptcy court also purported to enter, in the same order, a money judgment against Friedlander for $8,033.00, the original amount of the promissory note. Martin's contention, however, misconstrues the bankruptcy code § 523(a)(6).

■ A similar case, *In re McCloud, 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980),* discusses § 523(a)(6) as applied to a situation where the debtor disposed of cattle pledged to secure a bank loan. The conversion which occurs when the debtor intentionally and unlawfully disposes of mortgaged property causes injury within the meaning of the section. The consequence, however, is not to create a new cause of action which is nowhere suggested by this provision of the bankruptcy act, but to establish a basis on which the underlying debt survives the bankruptcy discharge and is exempted therefrom. There is no authority in 11 U.S.C. § 523 (Supp. IV 1980) for entry of a judgment other than in the amount of the non-discharged debt, and then, only if the debt has not previously been reduced to judgment.

■ The record of the bankruptcy proceedings which has been supplied suggests that the bankruptcy court was not informed the Friedlander debt was in judgment before bankruptcy and, as a consequence, the bankruptcy judge merely entered judgment for the note balance. The judgment, which expressly ruled the obligation of Friedlander to Tindle was not released or affected by the order of discharge granted Friedlander, was operative to insulate the state court judgment despite the failure of the parties to inform the bankruptcy court that the obligation was embodied in a judgment then of record. Under the circumstances, the contention by Martin that the bankruptcy court judgment supplanted the state court judgment which then ceased to exist is patently untenable.

In his final points, Martin argues that the execution was abandoned because Tindle addressed no interrogatories to Martin as garnishee and because no order for seizure of the airplane under Rule 90.09 was made. It is somewhat difficult to discuss the contentions because the relationship to the situation in this case is at best obscure.

The record indicates that Tindle's attorney requested execution December 3, 1981 and on December 8, 1981 the court administrator of the Jackson County Circuit Court issued execution to respondent sheriff directing him to execute the writ by levying on the property of Friedlander. Respondent sheriff made his return to the writ stating that he had attached the Piper airplane and placed it in storage. Before respondent sheriff proceeded further, Martin entered the case and filed his motion to quash the execution.

■ The sheriff quite apparently was proceeding under Rule 76.06(b) in making levy upon property pointed out to him by Tindle's attorney as being the property of the judgment debtor. There was and is no question in this case of any debt owed Friedlander by Martin, only the issue of whether the transfer of Friedlander's interest in the airplane was void as to Tindle because of a security interest she retained. The claim that some proceedings under Rule 90 applicable to garnishments should have been followed has no application to the execution actually pursued in this case. This conclusion is reached despite the fact that the form of notice given Martin by respondent sheriff was inappropriately titled "Notice and Summons of Garnishment."

Finally, Martin contends this court should exercise its discretionary authority to decide the basic question in the case on the merits, that is, whether any interest in the airplane is subject to sale on execution to satisfy the judgment against Friedlander. This, he says, is the appropriate course because the presentation to the circuit judge in support of the motion to quash consisted only of documentary exhibits, those exhibits are presented here and an appeal is no longer an adequate remedy because the time to pursue such an appeal has expired.

Under the situation in this case, we decline to consider the issue of what interest, if any, has been attached by the execution and may be the subject of a valid levy and sale under the Tindle judgment. The record before respondent circuit judge is sparse, briefing on the issues of the security interest of Tindle and the effect of the various transfers of the airplane as well as the intervening bankruptcy proceeding has been less than illuminating and alternative possibilities yet remain available to Martin. No sale has yet been made by respondent sheriff. If and when that does occur and if Martin suffers injury by reason of wrongful attachment of his property, he has recourse against the responsible parties by an appropriate civil suit.

The preliminary order in prohibition is quashed.

All concur.