STATE of Missouri ex rel. Melvin L. GRIMES, Relator,

v.

The Honorable J.A. APPELQUIST, Judge of the Circuit Court of Greene County, Missouri, Respondent.

No. 14409.

Missouri Court of Appeals, Southern District, Division One.

Feb. 25, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied March 12, 1986.

Application to Transfer Denied April 15, 1986.

---

Peggy S. Hedrick, Springfield, for relator.

Mark E. Fitzsimmons, Nancy Appelquist, Springfield, for respondent.

Sandra Skinner, Springfield, for guardian ad litem.

## ORIGINAL PROCEEDING IN PROHIBITION

TITUS, Presiding Judge.

This is an original proceeding in prohibition wherein our preliminary rule was issued and the matter is now before us for final determination. Civil Rule 97.[1] The relator, Melvin Grimes, is pastor of the Washington Avenue Baptist Church, Springfield, Missouri. The respondent is the judge of Division 2, Thirty-first Judicial Circuit, Greene County, Missouri. Linda Margaret Carr, petitioner in the case below, resides in Springfield as does relator. This action involves the question of whether respondent acted in excess of his jurisdiction in entering an order upon the motion of Ms. Carr which required relator to submit to a blood examination in Kansas City, Missouri and to advance the expenses for such examination until the case is resolved.[2]

A civil suit was filed by Ms. Carr on April 25, 1985. Ms. Carr alleged that relator is the father of her son, Winston David Grimes, born April 2, 1985, and that relator

1. Rule references are to Missouri Rules of Court, V.A.M.R.

2. Copy of respondent's order follows opinion.

refuses to support said child. Relator filed an answer denying paternity and counterclaiming for "libel, slander, and the prima facie tort of harrassment [sic]." Relator alleges there has "never been a marital relationship between the Ms. Carr and himself, or an acknowledged non-marital, or even friendly relationship between them."

Relator filed a motion to require Ms. Carr to furnish security for anticipated costs. No affidavit of poverty was filed and in response Ms. Carr affirmatively stated she has the financial ability to pursue her lawsuit. On June 20, 1985, relator took Ms. Carr's deposition. On July 16, 1985, Ms. Carr filed a motion for a compulsory blood examination pursuant to Civil Rule 60.01 and a motion to require relator to pay for its costs. Oral arguments for the above stated motions of relator and Ms. Carr were held July 25 and 29, 1985. Ms. Carr's motion for compulsory blood examination stated that her attorney had made an appointment "for blood to be taken under the direction of Dr. Donald Cross on the 20th day of August, 1985, at 10:00 a.m. at the following place: Midwest Organ Bank, 305 West 43rd Street, Kansas City, Missouri 64111." In her affidavit in support of said motion, Ms. Carr requested the trial court to take this into consideration in fixing the "time, place, manner, condition, scope of the examination, and the person by whom the examination is to be made." In her motion for costs, Ms. Carr stated the cost of the blood examination would be $510.00.

The court on July 29, 1985, made a docket entry expressing an intent to sustain Ms. Carr's and relator's motions and directed Ms. Carr to post $100.00 for security with the court howbeit it deferred the entering of the orders. On August 6, 1985, the respondent issued the order which relator complains is in excess of his authority.

Relator raises three points in his brief. He maintains the court below exceeded its jurisdiction in: 1) requiring him to submit to a blood examination on petitioner's motion in that petitioner's motion and affidavit did not show "good cause"; 2) ordering the tests to be taken in Kansas City, Missouri without requiring a showing that they could not be taken in a more convenient location; and 3) ordering him to pay for the blood tests.

Prohibition is an extraordinary remedy and not a writ of right. *Knisley v. State*, 448 S.W.2d 890, 892[3] (Mo.1970). Its issuance in a given case is addressed to our sound discretion. *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 188[5] (Mo. banc 1977). Its essential function is to prevent the usurpation of judicial power by confining judicial activities within the limits of cognizable authority, and preventing actions in excess of the trial court's jurisdiction. It is not to provide a remedy for all legal difficulties nor to be a substitute for appeal. *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382[1] (Mo. banc 1980).

■ In order for relief by writ to lie, two factors must exist concurrently. The most basic is the lack of jurisdiction in the court before which the matter is pending and the second is the lack of an adequate remedy by way of appeal. *Missouri Pac. R. Co. v. Missouri Commission on Human Rights*, 606 S.W.2d 496, 503[5] (Mo.App.1980). The fact that the remedy by appeal may be unsatisfactory or inconvenient alone, will not invoke our discretion for the issuance of the extraordinary writ of prohibition. *Crackerneck Country Club, Inc. v. Sprinkle*, 485 S.W.2d 652, 656[4] (Mo.App.1972). We cannot substitute our judgment or discretion for that of a trial court which is properly vested with jurisdiction and exercising its discretion within the legitimate boundaries of that jurisdiction. *Id.* at 655[2]. For these reasons prohibition is used with great caution and forbearance and only in cases of extreme necessity. Nor will it ordinarily issue except in cases where the judicial usurpation of jurisdiction or act in excess of the same is clearly evident. *State ex rel. Deering Milliken, Inc. v. Meyer*, 449 S.W.2d 870, 873[3, 4] (Mo.App.1970); *State ex rel. Eggers*, 609 S.W.2d at 382[2]; *State ex rel. McDonnell Douglas v. Gaertner*, 601 S.W.2d 295, 296[3] (Mo.App.1980).

■ Relator claims respondent violated relator's state and federal constitutional

rights by ordering him to undergo blood tests based upon conclusory statements in Ms. Carr's motion and affidavit which failed to show "good cause" as required by Civil Rule 60.01. Apparently in an effort to show good cause, Ms. Carr's attorney and co-counsel for respondent has submitted to us an affidavit stating that the attorney for relator refused to enter into an agreement to have relator's blood taken in Springfield and transported to Kansas City for testing. We cannot consider in this proceeding questions of fact sought to be injected into this case by such an affidavit, as we are limited to the record made in the court below. *State ex rel. Terry v. Holtkamp*, 330 Mo. 608, 615[1], 51 S.W.2d 13, 16[1] (banc 1932). Procedurally, however, it is relator's burden to establish that respondent has usurped or acted in excess of his jurisdiction. *State ex rel. Eggers*, 609 S.W.2d at 382[3]. We must therefore look to see whether relator has met his burden of demonstrating that good cause was not shown in the court below.

■ In prohibition our factual inquiry is limited and the suggestions and briefs we receive in connection with writs cannot supply us with record facts. *State ex rel. Specialty Foam Products v. Keet*, 579 S.W.2d 650, 653[3] (Mo.App.1979). In addition, there is a presumption of right action in favor of the trial judge. *State ex rel. Martin v. Peters*, 649 S.W.2d 561, 563[5] (Mo.App.1983). Therefore in the absence of any record of what was heard by respondent during the hearings on these motions in his court, we must presume there was a reasonable basis for his action. *State ex rel. Cummings v. Witthaus*, 358 Mo. 1088, 1093, 219 S.W.2d 383, 386[5] (banc 1949); *State ex rel. Vanderpool Feed & Supply Co. v. Sloan*, 628 S.W.2d 414, 416 (Mo.App. 1982). Thus relator has failed to meet his burden of proof.

■ Relator also contends that respondent exceeded his jurisdiction in requiring relator to travel to Kansas City for blood tests without any showing that a more convenient location was not available. Since we have no record of what was heard at the motion hearings, again the order of the trial court must be sustained. *Id.* In addition, blood tests are admissible to prove paternity in Missouri. *State ex rel. D___ K___ B___ v. W___ G___ I___*, 654 S.W.2d 218, 220[3] (Mo.App.1983). The verity of such scientific evidence, as for all scientific evidence, depends upon the methodology employed to obtain it and the skills of those who possess or claim to possess some expertise in the subject, all of which must be shown as essential to the proof. *B.S.H. v. J.J.H.*, 613 S.W.2d 453, 457[9] (Mo.App.1981). Therefore, the selection of the examining physician is generally a matter well within the sound discretion of the trial judge. *State ex rel. McCloud v. Seier*, 567 S.W.2d 127, 129 (Mo. banc 1978).

■ Relator also complains of the costs of the examination being assessed against him. However this is clearly not the case as an examination of the respondent's order shows that it merely requires relator to advance the expenses of the exam until the case's outcome. Though the expenses of blood tests cannot be taxed as costs, *B___ v. B___*, 673 S.W.2d 819, 825[12] (Mo.App.1984), it appears that they could be recorded as a judgment payable by the party against whom the judgment is entered. *Id.* at 825 n. 4; *B.S.H.*, 613 S.W.2d at 458[12].

We therefore find that the preliminary writ should be and hereby is quashed. Costs for this prohibition proceeding are taxed against relator, Melvin Grimes.

FLANIGAN and GREENE, JJ., concur.

APPENDIX

LINDA MARGARET CARR, Petitioner,

vs.

MELVIN L. GRIMES, Respondent.

No. CV185-846-CC-2

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

DIVISION TWO

ORDER

Upon motion of petitioner, and for good cause being shown, it is hereby ordered:

1. That Melvin L. Grimes, the respondent in the above-entitled action, submit to the taking of his blood by Dr. Donald Cross, M.D., or members of his staff for use in tests to determine the paternity of the minor child, Winston David Grimes.

2. That the examination shall be conducted at the Midwest Organ Bank, 305 West 43rd Street, Kansas City, Missouri 64111, on the 20th day of August, 1985, at 10:00 a.m.

3. That the results of the examination shall be reported by Dr. Donald Cross in writing in a detailed report setting out his findings and conclusions and upon request by respondent, the petitioner shall deliver a copy thereof to the respondent.

4. That the expenses of such examination shall be advanced by the Respondent and assessed when case is resolved.

/s/ J.A. Appelquist
The Honorable J.A. Appelquist
Circuit Judge, Division Two

Date: August 6, 1985