STATE of Missouri, ex rel. Billye Jean (Rucker) DEGEERE, Relator,

v.

Honorable J.A. APPELQUIST, Judge of the Circuit Court of Greene County, Missouri, Respondent.

No. 15474.

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied
March 31, 1988.

Application to Transfer Denied May 17, 1988.

Robert M. Sweere, Springfield, for relator.

Bruce McCurry, Dickey, Allemann, Chaney & McCurry, Springfield, for respondent.

HOLSTEIN, Judge.

The Circuit Court of Greene County, Missouri, intends to quash service of process on the ground that a court-appointed process server did not have authority to serve process out of the county in which he was appointed. This court granted a preliminary order in prohibition staying the proposed action by the circuit court.

On June 19, 1987, relator filed a petition in the Circuit Court of Greene County for child support, for registration of a foreign child support decree, and a motion to modify out-of-state child support decree. Relator also filed a motion for appointment of a special process server pursuant to Rule 54.03 [1] to serve her ex-husband, James Arthur Rucker (James). In her motion, relator maintained that the services of a court-appointed process server were required to serve James because he was expected to be in Missouri for only a short time on a weekend. The court granted the motion.

On June 25, 1987, an affidavit of return of service was filed with the court showing personal service on James in Chariton County, Missouri. On August 19, 1987, James filed a combined motion to dismiss and motion to quash summons and service of process. On November 5, 1987, the trial court entered its ruling, to become effective five days later, sustaining James' motion to quash service of process. The ruling does not state the reason why the motion was to be sustained. Apparently the judge was persuaded that Rule 54.03 does not permit him to appoint a private citizen to serve process outside Greene County, Missouri, or that the order appointing the process server was inadequate to authorize service outside the county. The court deferred ruling on James' motion to dismiss. On November 6, 1987, a petition for writ of prohibition was filed here. We issued a preliminary order in prohibition.

The prime purpose of a writ of prohibition is to prevent usurpation of judicial power. § 530.010. According to Rule 84.22, an appellate court may not issue a remedial writ where adequate relief can be afforded by an appeal. Therefore, two elements must be satisfied before a writ of prohibition may be issued. First, it must be shown that the court exceeded its jurisdiction and second, relator must not have available the remedy of appeal. *State ex rel. Grimes v. Appelquist,* 706 S.W.2d 526,

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. and unless otherwise indicated, all references to statutes are to RSMo, 1986.

528 (Mo.App.1986). Both elements must occur simultaneously. *State ex rel Grimes v. Appelquist, supra.* The burden is on the petitioning party to show that the trial judge exceeded his jurisdiction. *State ex rel. Martin v. Peters,* 649 S.W.2d 561, 563 (Mo.App.1983).

■ Relator will have no remedy of appeal if the trial court quashes service of process upon James. An order quashing purported service of process does not constitute a final judgment from which an appeal will lie. *Brown Supply Co. v. J.C. Penney Co.,* 505 S.W.2d 463, 467 (Mo.App. 1974). Such orders are properly challenged by extraordinary writ. *Schwenker v. St. Louis County Nat'l. Bank,* 682 S.W.2d 868, 870 (Mo.App.1984).

The first question presented is whether the Circuit Court of Greene County has authority to appoint a process server to serve process in a county other than Greene County. The second question is whether the order appointing the process server was sufficient to authorize service of process in a county other than Greene County. If the trial court has such authority and it was lawfully exercised, an order quashing service of process would exceed the trial court's jurisdiction. The brief filed on behalf of the respondent judge suggests four reasons why the trial judge lacked such authority and one reason why the order did not authorize the service of process which was made in this particular case.

Rule 54.03 defines who may serve process within the state. It states:

Service of process within the state, except as otherwise provided, shall be made by the sheriff, or, if the sheriff is disqualified, process may be served by the coroner of the county in which such process is to be served. For good cause, the court may appoint a person, other than the sheriff or coroner, to serve process. Service of process by such appointed person is valid only in instances for which he was appointed.

Rule 54.13(c) declares where process may be served. It provides:

All process issued for service within this state may be served anywhere within the state and may be forwarded to the sheriff of any county for the purpose of service.

The first argument advanced for denying circuit courts authority to appoint process servers to serve process outside the county in which the process originated is that granting such authority would, in effect, amend the second sentence of Rule 54.03 to read, "... in any county within the state." While criticizing a construction which would "engraft" such language into the rule, the brief filed on behalf of respondent does not hesitate to suggest that an interpretation be adopted which would amend the second sentence of Rule 54.03 to read, "... in the county from which the process was issued but no other county."

■ In interpreting rules of the Supreme Court, we use the rules that guide courts in the construction of statutes. *State v. Walker,* 639 S.W.2d 854, 860 (Mo. App.1982). Statutory construction is a matter of law, not fact, and where the trial court rules on a question of law, it is not a matter of discretion. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App. 1980). When interpreting statutes, the primary object is to ascertain intent of the legislature from the language used and to give effect to that intent. *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599, 600 (Mo.1983). In doing so, words used are considered in their plain and ordinary meaning. *Springfield Park Central Hospital v. Director of Revenue, supra.* Where the language of a statute is clear and unambiguous, there is no room for construction. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986). Applying these rules of statutory construction, the clear, unambiguous language of Rule 54.03 places no territorial restrictions on where a process server may serve process within the State of Missouri. Rule 54.13(c), in similarly clear and unambiguous language, provides that process issued by a circuit court may be served anywhere in the state.

Assuming some ambiguity exists in these rules, we construe them in light of the purposes intended to be accomplished when they were adopted. *In Interest of A.M.B.*, 738 S.W.2d 128, 130 (Mo.App.1987). The purpose of a rule permitting the trial court to appoint process servers is to provide an economical, efficient method of obtaining service of process. *O'Donohue v. Citizens Bank*, Ala.Civ.App., 350 So.2d 1049, 1053 (1977). The statutory predecessors of Rules 54.03 and 54.13(c) are §§ 506.140 and 506.170, respectively. These statutes are part of the Civil Code of Missouri. § 506.010. The purpose and spirit of both the Civil Code and the Supreme Court Rules demand that such procedural provisions be liberally construed to promote justice, to minimize the number of cases disposed of on procedural grounds, and to facilitate and increase the disposition of cases on their merits. *Strohm v. Boden*, 359 Mo. 573, 222 S.W.2d 772, 775 (1949); *Commerce Bank of Kansas City v. Conrad*, 560 S.W.2d 388, 391 (Mo.App.1977), *appeal dismissed*, 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, *rehearing denied*, 437 U.S. 912, 98 S.Ct. 3106, 57 L.Ed.2d 1143 (1978); Rule 41.03.

■ We are unable to discern how justice will be served by construing Rule 54.03 to prohibit a court-appointed process server from serving process anywhere in the state. Justice is promoted by a construction of the rule which facilitates efficiency and economy in service of process without affecting substantive rights of the parties. James has no substantive right to be served with summons by a sheriff rather than a duly appointed process server. Given a choice between a narrow construction of Rule 54.03, which on procedural grounds encourages a delay or denial of the disposition of claims, and a liberal construction, which promotes an expeditious disposition of cases on their merits, the latter construction is preferable.

The second reason suggested for holding that a circuit court lacks authority to appoint a process server who will serve process outside the county from which the process issued is that Rule 54.13(c) authorizes service by the sheriff of other counties, and makes no mention of court-appointed process servers.

■ Nothing in Rule 54.13(c) mandates service by the sheriff. The rule uses the permissible "may" to authorize service anywhere in the state and to authorize service by the sheriff of any county. Giving Rule 54.13(c) the liberal construction to which it is entitled, it authorizes service anywhere in the state and does not preclude service by a process server when served outside the county in which the summons originates.

The third reason suggested for denying the circuit court's authority to appoint process servers to perform their duties outside the confines of the county or circuit from which the process issues is the constitutional and statutory provisions establishing and limiting circuit courts territorial jurisdiction. Mo. Const. art. V, § 14(a) establishes the jurisdiction of circuit courts and their authority to hold court "within the circuit." Mo. Const. art. V, § 15.1 requires division of the state into "convenient circuits of contiguous counties." § 476.070 provides:

All courts shall have the power to issue all writs which may be necessary in the exercise of their respective jurisdictions according to the principles and usages of law.

From these provisions, it is argued, the circuit courts lack authority to appoint a person to serve process if such duty is to be performed in another circuit of the state. A careful examination of the above-cited provisions fails to reveal any language from which we might infer that an appointed process server cannot perform his duties in any county in which the process might be lawfully served. As previously noted, process of a circuit court may be served in any county of the state. Rule 54.13(c).

The fourth reason advanced for construing Rule 54.03 to prohibit circuit judges in one county from appointing process servers who will perform duties in another county is § 506.145. That statute permits process servers to carry concealed firearms. The argument is made that if the process ser-

ver carries a concealed firearm and if perchance he uses the firearm and by happenstance does so in an imprudent manner, injury might result to an innocent citizen of a county other than one in which the judge was elected. The argument continues that because the judge who appoints the process server cannot be removed by the people of that county by vote, impeachment, or recall, such judge should not have authority to appoint process servers as a matter of public policy.

Missouri Supreme Court Rules 54.03 and 54.13(c) were adopted in 1973. The statutory predecessors, §§ 506.140 and 506.170, using almost identical language, were enacted in 1943. § 506.145, which authorizes process servers to carry concealed firearms, was enacted in 1977 and became effective January 1, 1979. Presumably, the legislature was aware of the related rules and statutes already in effect when it enacted § 506.145. *State v. Coor*, 740 S.W. 2d 350, 354 (Mo.App.1987). This state's policy, as declared by the legislature, is to permit process servers to carry concealed weapons in this state without reference to whether the process to be served emanated from the county in which it is being served or another county. We are not inclined to rewrite or amend either the statutes or Supreme Court Rules, under the guise of our own concepts of "wise" public policy.

■ Respondent's brief further suggests that even if the circuit court has authority to appoint a process server to perform duties outside the county or circuit, the trial judge was misled into believing service would be made in Greene County and, therefore, the order was not intended to authorize service in Chariton County and must be quashed. Relator's motion for the appointment of a process server states:

> Pursuant to State Rule 54.03, Plaintiff hereby moves that William M. Bishop be appointed as a special process server ... to serve the summons and petition in this case for the reason that respondent is expected to remain in the state for only a short time on a weekend and that special efforts beyond those ordinarily expended

by civil process servers will be required to accomplish service.

Nothing in the motion even obliquely suggested that service would be made in Greene County. The order appointing the process server states as follows:

> Pursuant to Rule 54.03, it is hereby ordered that William M. Bishop is hereby appointed as a special process server for the purpose of service of summons and Petition in the above-described cause.

The order appointing the process server does not indicate that the trial court intended to limit the process server's activity to Greene County. The trial judge made no finding that other facts were communicated from which he might have been misled into believing that service would be obtained in Greene County. Absent some showing that either relator or the process server perpetrated a fraud on the court, that the process was served in some manner prohibited by the order or the applicable rules, or that a substantive right of James was violated by the manner in which service of process was obtained, the trial court is without jurisdiction to quash service of process merely because service was had in a county of the state other than Greene County.

By this opinion we do not hold that the trial court may not place such reasonable restrictions on court-appointed process servers as it deems appropriate. However, the order appointing the process server in this case contained no restrictions relating to the place of service. The preliminary order in prohibition is made absolute.

CROW, C.J., and GREENE, P.J., concur.