John J. AKERS, Plaintiff–Respondent,

v.

HARRISON/WILLIAMS FIXTURES, INC. and Travelers Insurance Company, Defendants–Appellants.

No. 57798.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 18, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 24, 1990.

Application to Transfer Denied Dec. 18, 1990.

Evans & Dixon, Raymond J. Flunker, St. Louis, for defendants-appellants.

4. Missouri Rules of Court, 1990.

Patrick N. McHugh, John J. Larsen, Sr., St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Appellant-employer Harrison/Williams Fixtures, Inc., and its insurer, Travelers Insurance Company, appeal from a judgment of the Circuit Court affirming the Labor and Industrial Relations Commission's award for the payment of interest in a Worker's Compensation case. We affirm and remand with directions.

The facts of the case are not in dispute. Respondent-employee sustained an injury on January 29, 1987. On October 4, 1988 the matter was heard by the Administrative Law Judge and an award was issued October 13, 1988, ordering the appellants to pay the sum of $12,536.80 representing permanent partial disability benefits.

Appellants appealed the said award to the Labor and Industrial Relations Commission (hereafter referred to as Commission). The Commission affirmed the award of the Administrative Law Judge on August 8, 1989 and ordered that interest be paid from the date when due until paid as provided by § 287.160 RSMo 1986.

Appellants paid the award totalling $12,-536.80 on September 18, 1989 but denied any responsibility for the interest on the principal sum as ordered by the Commission. Respondent thereafter petitioned the Circuit Court in the City of St. Louis to certify the judgment of the Commission for purposes of collection on October 30, 1989. On November 14, 1989 the circuit court ordered a judgment for unpaid interest in the amount of $1,703.42.[1] Of this amount $890.10 represents the interest owed on the principal sum from the date of the accident to the date of the payment of the principal. The remaining $813.32 represents interest on the installments of compensation owed and unpaid. From the judgment of the circuit court awarding interest of $1,703.42 the appellants appeal.

Appellants' sole point on appeal is that the trial court erred in ruling that interest on permanent partial disability benefits was due from the date of the accident until the date of the award of the Administrative Law Judge because there is no statutory authority for the Commission to award interest on permanent partial disability benefits.

Appellants' contention centers around the applicability of § 287.160.2 to the payment of interest on a workers' compensation award for permanent partial disability benefits.

Initially, we adhere to the fundamental principle that has guided the courts' decision in this area; the Workers' Compensation Law is to be broadly and liberally interpreted with a view of the public interest and is intended to extend its benefits to the largest possible class. Section 287.800 RSMo 1986, *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983). With this basic principle in mind we turn to § 287.160.2 [2] which reads as follows:

Compensation shall be payable as the wages were paid prior to the injury, but in any event at least once every two weeks. *Each installment shall bear interest at the rate of eight percent per annum from the date when due until paid.* Compensation shall be payable on the basis of sixty-six and two thirds percent of the average earnings of the employee computed in accordance with the rules given in Sections 287.170, 287.200, 287.240 and 287.250. (Emphasis added).

The primary rule of statutory construction is to first ascertain the intent of the legislature from the language used, to give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). Where the language of a statute is clear and unambiguous, there is no room for construction. *State ex rel. De-*

---

1. The interest was calculated in conformity with the formula used in *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105 (Mo. banc 1989).

2. Effective August 28, 1990, H.C.S.S.S.S.C.S.S.B. 751 repeals § 287.160 RSMo 1986. We apply, in this case, the statute in effect at the time of this litigation.

*geere v. Appelquist*, 748 S.W.2d 855, 857 (Mo.App.1988).

Applying the above rules of construction to the statute in question, we find that a plain reading of § 287.160.2 suggests that interest is payable on all compensation which is due and unpaid. Our task is made easier by the recent opinion of the Supreme Court of Missouri in *Martin v. Mid–America Farm Lines, Inc.* 769 S.W.2d 105 (Mo. banc 1989), which addressed the issue of interest on compensation benefits. In making its determination, the Supreme Court applied § 287.160.2 to the compensation benefits due, for both temporary total disability and permanent partial disability. The court held that interest was payable on an unpaid installment of compensation due, from the time when it should have been paid. *Martin*, 769 S.W.2d at 112. The court did not distinguish between the different forms of compensation which should or should not bear interest. The statute covers all compensation due and unpaid on which interest accrues at the statutory rate.

Propelled by the need to make the employee whole, *Martin*, at 112, the court construed § 287.160.2 not as a penalty against the employer/insurer for appealing an award of an administrative law judge, but as a provision to justly compensate an injured employee under the law. As the court explained, "[i]f the carrier, or self-insured employer, has the use of money which was properly payable to the claimant it is properly chargeable for the value of that use. Means are available for those in possession of large sums of money to obtain daily and substantial returns on their holdings." Supporting the underlying scheme of the workers compensation law to compensate and benefit injured employees, we disagree with the appellants' argument that § 287.160.2 is inapplicable to payment of interest for permanent partial disability benefits.

We next address the misconception harbored by the appellants that the footnote in *Martin* does not constitute a section of the main text of the opinion and any reference to it is not persuasive or controlling. Em-bodied as part of the opinion and used to clarify the court's reasoning and justification, we suggest that a footnote, being explanatory in nature, does form part of the opinion.

The judgment of the circuit court is affirmed and the cause remanded with directions to calculate the interest due on the award of the Industrial Commission, till the date of our judgment.

KAROHL and GRIMM, JJ., concur.