**Marchael CLARK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42999.**

Missouri Court of Appeals, Western District.

Nov. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied May 3, 1991.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Marchael Clark, appeals the denial of his Rule 29.15 Motion.

Appellant was convicted after a jury trial of two counts of assault in the second degree in violation of § 565.060.[1] Appellant was sentenced to two consecutive seven year terms of imprisonment and no direct appeal was taken.

On May 12, 1988, appellant was delivered to the Department of Corrections. On June 15, 1988, the court suspended the execution of appellant's sentence pursuant to § 217.775 and placed appellant on probation for five years. Appellant's probation

was revoked on August 18, 1989, and appellant was again delivered to the Department of Corrections.

Appellant filed his Rule 29.15 motion on October 16, 1989. On December 28, 1989, the motion court entered its order denying appellant's 29.15 motion, finding it to have been untimely filed. It is from this order that appellant now appeals.

Appellant argues that his 29.15 motion was timely filed and that his motion alleged facts that entitled him to an evidentiary hearing.

Rule 29.15(b) provides in pertinent part as follows:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence ... If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections ... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

In interpreting the Rules of the Supreme Court, the precepts which guide the courts in construction of statutes are used. *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App.1988). The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988).

The purpose of the time limitation under Rule 29.15 is to avoid delays in processing claims under the rule and to prevent the litigation of stale claims. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The time limitation for filing a motion for post-conviction relief under Rule 29.15 is valid and mandatory. *Id.* Failure to comply with the time limitation for filing a Rule 29.15 motion consti-

---

1. All statutory references are to RSMo 1986.

tutes a complete waiver of an individual's right to proceed under the Rule. *Id.* at 696.

Rule 29.15(b) plainly states that, if no appeal is taken, the motion shall be filed within ninety days of the date the person is delivered to the department of corrections. Appellant did not appeal his conviction and he was delivered to the department of corrections on May 12, 1988. Appellant's 29.-15 motion was not filed until October 16, 1988, five months later. Appellant's motion was not timely filed.

Appellant's argument that the time limit for his filing a motion under 29.15 should not start to run until the time that his probation was revoked and he was delivered to the department of corrections for the second time, pursuant to his probation revocation, is inconsistent with the language and purpose of Rule 29.15.

The judgment of the trial court is affirmed.

All concur.