Carl M. Koupal, Jr., Director Department of Economic Development P.O. Box 1157 Jefferson City, MO 65102-1157
Dear Mr. Koupal:
This opinion is in response to your question asking:
 The last sentence of Section 193.175 RSMo states "If the body is to be cremated, a completed death certificate shall be filed with the local registrar prior to cremation and shall authorize cremation except as stated in section 193.145 of this act."
 Would it violate Section 193.175 for a body to be cremated in the state of Missouri before a completed death certificate is filed with the local registrar if the cause of death can be determined within seventy-two (72) hours after death?
Section 193.175, RSMo 1986, provides:
 193.175. Person in charge of final disposition of dead body to file notification of death — cremation, requirements. — The funeral director or person acting as such in charge of final disposition of a dead body shall file a completed notification of death with the local registrar where the death occurred. Such notification of death shall be on a form or in a format prescribed and furnished by the state registrar and shall be filed or postmarked prior to the date of final disposition of the body. Such notification of death shall authorize final disposition except as otherwise stated in this section or in section 193.145. If the body is to be cremated, a completed death certificate shall be filed with the local registrar prior to cremation and shall authorize cremation except as stated in section 193.145.
Whether Section 193.175 would allow a body to be cremated before a death certificate is filed is a question of statutory construction. In Wolff Shoe Company v. Director of Revenue,762 S.W.2d 29, 31 (Mo. banc. 1988), it was stated: "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." Therefore, one must turn to the words and language used in Section 193.175 to determine the intent of the legislature. The statute states in pertinent part: "If the body is to be cremated, a completed death certificate shall be filed with the local registrar prior to cremation and shall authorize cremation except as stated in section 193.145."
One must look to Section 193.145, RSMo Supp. 1989, to determine if the legislature intended the facts as presented in your opinion request to be an exception to Section 193.175. Section 193.145.8 states:
 8. If the cause of death cannot be determined within seventy-two hours after death, the medical examiner or coroner or attending physician or local registrar shall give the funeral director, or person acting as such, notice of the reason for the delay, and final disposition of the body shall not be made until authorized by the medical examiner or coroner or attending physician or local registrar. (Emphasis added.)
As can be seen by the plain language of Section 193.145.8, this exception only applies to cases in which the cause of deathcannot be determined within seventy-two (72) hours after death. Because your question indicates that the cause of death can be determined within seventy-two (72) hours, it would fall outside the parameters of the exception in Section 193.145. The wording of Section 193.145.8 is clear and unambiguous and therefore no construction is necessary. In State ex rel.Degeere v. Appelquist, 748 S.W.2d 855, 857 (Mo.App. 1988), the court stated, "Where the language of a statute is clear and unambiguous, there is no room for construction." Therefore, if the cause of death can be determined within seventy-two (72) hours after death, Section 193.175 requires a completed death certificate to be filed with the local registrar before a body is cremated in the State of Missouri.
CONCLUSION
It is the opinion of this office that if the cause of death can be determined within seventy-two (72) hours after death, Section 193.175, RSMo 1986, requires a completed death certificate to be filed with the local registrar before a body is cremated in the State of Missouri.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General