### STATE of Missouri ex rel., Albert A. RIEDERER, Plaintiff–Relator,

v.

### The Honorable Donald L. MASON, Defendant–Respondent.

### No. WD 44308.

Missouri Court of Appeals, Western District.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1991.

Application to Transfer Denied July 23, 1991.

**542**

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for plaintiff-relator.

Mary D. Curtis, Asst. Public Defender, Kansas City, for defendant-respondent.

Before BERREY, P.J., and GAITAN and FENNER, JJ.

## ORIGINAL PROCEEDINGS IN PROHIBITION

BERREY, Presiding Judge.

Albert Riederer, on behalf of the State of Missouri, seeks a Writ of Prohibition against the Honorable Donald L. Mason. Relator seeks to prohibit Judge Mason from entering an order dismissing a pending indictment against Kenneth E. Figgins. The preliminary order in prohibition is made absolute.

On December 6, 1989, Kenneth E. Figgins was charged by indictment with eleven felony counts, including one count of murder in the first degree. On June 28, 1990, Figgins submitted his request for disposition of detainer to the Missouri Division of Adult Institutions, pursuant to § 217.450, RSMo Supp.1989. The Jackson County Prosecutor's office received this request on July 5, 1990. This is the crucial date on which the 180–day period provided for by statute began to run. Specifically the statute, § 217.460, RSMo Supp.1989, states:

> **217.460. Trial to be held, when—failure, effect.—** Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, and indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

The parties agree that the 180–day time period ended January 1, 1991. The question presented in the instant case is whether or not the time period had been tolled during the 180 days.

There are two different periods which have been suggested as times when the statute had been tolled. When Figgins was arraigned on September 26, 1990, the associate circuit court judge's docket sheet contains the following order: "Cause continued by agreement to October 17, 1990, 1:30 PM." Figgins was not represented by counsel at this time nor had counsel been appointed for him.

In early December the prosecutor's office secured a trial date of December 17, 1990, with the Hon. Edith Messina. Fig-

gins' counsel was contacted by telephone. Counsel refused to try the case on December 17, but agreed to try the case on January 7, 1991. After the case was set for January 7, the prosecution was informed that the time limit expired January 1, 1991.

On January 2, 1991, Figgins filed a motion to dismiss for lack of jurisdiction because of the failure to bring him to trial within the 180–day limit. After an evidentiary hearing, Judge Mason granted the motion, entering an order dismissing the indictment. The state sought a writ of prohibition from this court. A preliminary order in prohibition was issued by this court and that order is now made absolute.

Respondent argues that prohibition is not the proper remedy in the instant case since the judge cannot exceed his jurisdiction upon a finding that the indictment was not brought to trial within the 180–day period. It is clear, however, that if the statute had been tolled as relator contends, then Judge Mason was clearly without jurisdiction in dismissing the indictment.

█ The primary purpose of a writ of prohibition is the prevention of the usurpation of judicial power. *State ex rel. Martin v. Peters*, 649 S.W.2d 561, 563 (Mo.App. 1983). It is not a substitute for direct appeal, nor is it intended as the cure for all legal ills. *Id.* A writ of prohibition will issue where two elements are present: (1) lack of jurisdiction; and (2) lack of an adequate remedy by appeal. *Id.* We have already examined the jurisdictional question. It is clear that in view of the peculiar facts and circumstances presented to this court, appellate remedies are inadequate in that the issues would be duplicative of the issues we are considering here and that the whole purpose of an expedited proceeding comports with the spirit of the Speedy Trial Act. It is no answer that direct appeal has been allowed in similar circumstances. *State v. Brown*, 722 S.W.2d 613 (Mo.App. 1986). For the purposes of deciding this case we allow prohibition as a proper remedy.

█ Relator argues that the 180–time period had been tolled by the actions of defense counsel in December, 1990, and by the continuance reflected in court records on September 26, 1990. Laying aside the question of whether or not the September 26 continuance tolled the statute, we find that the actions of defense counsel did indeed toll the 180–day period.

The record shows that the prosecuting attorney and defense counsel consulted in December, 1990, on a trial setting. Judge Messina agreed to a date of December 17, 1990, as suggested by the prosecutor. Defense counsel balked at the date because discovery had not been completed and for several other reasons. The prosecutor, in trying to accommodate defense counsel, "asked her if I could try to get another date to try it on and she said that was all right." The prosecutor managed to get a trial date of January 7, 1991. Defense counsel agreed to that date. This agreement tolled the statute. It is immaterial what defense counsel's reasons were in rejecting the December 17, 1990 date. It is also immaterial that the case had not been docketed. This is not the focus of our inquiry. It is the action of defense counsel which is determinative.

In *State v. Sallee*, 624 S.W.2d 184 (Mo.App.1981), the 180–day period elapsed where defense counsel felt unready to go to trial during the allotted period in the absence of certain out-of-state defense witnesses. The court, citing *State v. Barrett*, 406 S.W.2d 602 (Mo.1966), pointed out that the appellate was in no condition to complain because by his own conduct he caused the continuances. *State v. Sallee, supra*, 624 S.W.2d at 186.

█ The agreement between lawyers need not be formal, thus:

A continuance granted at the request of defendant's attorney tolls the 180–day period of the "agreement on detainers," even if the request is made orally and out of court. *Com. v. Washington*, 488 Pa. 133, 411 A.2d 490, 491 (1979); *State v. Carlson*, 258 N.W.2d 253 (N.D.1977); *State v. Earnest*, 265 So.2d 397 (Fla.App. 1972); *State v. Davis*, 44 Ohio App.2d 95, 335 N.E.2d 874 (1975).

*Id.* at 186.

In the instant case defense counsel refused the proposed December 17th date

544

and agreed to a date after the 180–day period had run. Her actions amounted to the equivalent of a continuance and, as such, tolled the prescribed period. The preliminary writ of prohibition is made absolute.

All concur.