**STATE of Missouri, Appellant,**

v.

**James O. EVANS, Jr., Respondent.**

**No. 48092.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 9, 1984.

Donald J. Hager, Public Defender, Farmington, for appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

The state appeals from the trial court's order granting defendant's motion to dismiss the charge of forgery, (§ 570.090 RSMo 1978) based on double jeopardy.

The forgery trial of defendant James O. Evans, Jr. began on October 25, 1983. After the jury was selected and empaneled, the trial court held its pretrial conference. During the conference the state requested an order prohibiting the defense counsel from referring to a prior forgery charge against the defendant which had been nolle prossed. The court reserved ruling on the state's request until the pertinent state's evidence was adduced at trial.

The state then made a motion in limine asking for an order preventing the defense counsel from making any reference in his opening statement to the credibility of the state's identifying witness. The state's witness identified the defendant by using the "mug-shots" taken of him for his prior forgery charge which had been nolle prossed. On his "mug-shot" appeared the word "forgery" to which the defense counsel attributes the state's successful identification of his client in this forgery charge. The state claims that the identifying witness was not allowed to see this word on the photograph when the identification was made. After a lengthy discussion, the court granted the state's motion. The defense counsel attempted to have the ruling clarified which the court endeavored to do. Subsequently, during the defendant's opening statement a reference was made connecting the "mug-shot" to the nolle prossed, forgery charge. The state objected contending that the Court's order was violated and requested a mistrial. The trial court granted the motion after another lengthy discussion whereby the defense counsel vehemently contended that he made a good faith effort to comply with his understanding of the court's order in limine.

Defense counsel filed a motion to dismiss based on double jeopardy. On November 21, 1983, the trial court conducted a hearing on the motion. As a result, the court found that its order in limine should have been more specific, and in effect, found that the defense counsel had acted in good faith and had not consented to the state's motion for a mistrial. After making these findings, the trial court granted the defendant's motion to dismiss based on double jeopardy. The state appeals to which the defendant responds with another motion to dismiss contending that the state has no right to appeal.

 Defendant's motion which had been taken with the case raises the issue of whether statutory authority exists for the state's appeal. It has long been the law in Missouri that the state cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon the determination of a question of law, unless a right of appeal is unequivocally conferred by statute. *State v. Craig*, 223 Mo. 201, 122 S.W. 1006 (1909); *State v. Little River Drainage Dist.*, 490 S.W.2d 675, 676 (Mo. App.1973). The relevant statutes permitting state appeals in a criminal prosecution are § 547.200 RSMo Cum.Supp.1983 and § 547.210 RSMo 1978. This latter section permits appeals in those instances when any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment is arrested or set aside. See also Rule 30.02. Section 547.200.1 permits interlocutory appeals in the cases of any order or judgment quashing an arrest warrant, suppressing evidence, or suppressing a confession or admission. An appeal from an order granting a motion to dismiss based on double jeopardy does not fall within any of these enumerated instances. However, it may be argued that § 547.200.2 contains language conferring the right of an appeal to the state to wit:

The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in Section 547.210 *and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant.* The Supreme Court shall is-

sue rules governing such appeals. (emphasis added).

We do not believe that this emphasized language unequivocally confers a right of appeal to the state in this case.

We recognize that no double jeopardy exists when a court grants a mistrial on a motion of the state based on intentional misconduct of the defense attorney. The need to hold litigants on both sides to standards of responsible professional conduct in the clash of an adversary criminal process unquestionably plays an important role in the requirement that there must be manifest necessity to abort a trial over the objection of the defendant. *State v. Aguilar*, 478 S.W.2d 351, 355 (Mo.1972). Based on the *state's* motion for a mistrial, the doctrine of "manifest necessity" could be envoked provided the trial court found that the actions of the defense counsel constituted an intentional violation of the court's order in limine. The trial court did not so find but rather by implication found a lack or absence of "manifest necessity." The trial court made this factual determination after it had the opportunity to observe the credibility of the defense counsel at both the aborted trial and at the hearing on the motion to dismiss. Hence, this court will defer to the trial court's sound discretion unless a clear abuse can be shown. *State v. Stevenson*, 589 S.W.2d 44, 49 (Mo.App. 1979).[1] In light of the trial court's admission recognizing the ambiguity of its order, the state will not be able to show a clear abuse of that discretion. Thus, we agree with the trial court's order because the ends of public justice would not be served by a continuation of the proceeding. *State v. Fitzpatrick*, 676 S.W.2d 831 (Mo. banc 1984).

Defendant's motion to dismiss is granted. Appeal dismissed.

REINHARD, C.J., and CRIST, J., concur.

1. The case of *United States v. Perez*, 9 Wheat. 579, 580 6 L.Ed. 165 (1824) represents the conception of the "manifest necessity" doctrine. Here Mr. Justice Story recognizes that "the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They [trial courts] are to exercise a sound discretion on the subject..."