457

STATE of Missouri, Appellant,

v.

**Desi Lamont HENDERSON,
Respondent.**

No. WD 36349.

Missouri Court of Appeals,
Western District.

Sept. 24, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Dec. 3, 1985.

Application to Transfer Denied
Jan. 15, 1986.

William L. Webster, Atty. Gen., Jefferson City, John J. Oldenburg, Jr., Asst. Atty. Gen., for appellant.

Michael Radosevich, Columbia, for respondent.

Before BERREY, DIXON and KENNEDY, JJ.

DIXON, Judge.

The State appeals from the circuit court's order sustaining the defendant's motion to dismiss a first degree murder charge on double jeopardy grounds. The issue presented is whether a dismissal of a capital murder charge on double jeopardy grounds also bars a trial for first degree murder.

The facts are relatively simple and not contested. The defendant was charged under the capital murder statute, § 565.001, RSMo 1978, repealed by Laws of Mo.1983, p. 922. The charge arose from a felony perpetrated by defendant and a man named Thomas which resulted in the death of Frank George Rafferty. At defendant's trial on the capital murder charge, Thomas testified that defendant participated in the killing of Rafferty. On defendant's cross-examination of Thomas, it was revealed that Thomas had committed and been charged with a sodomy offense that occurred during his incarceration and that the charge was dismissed after Thomas implicated the defendant in Rafferty's death. The state objected to the cross-examination and requested a mistrial.

The transcript of that trial is not before us, but it appears from the briefs and the legal file that the defendant resisted the granting of a mistrial, and that the court was very dubious about the propriety of such an order. The trial court warned the prosecuting attorney that the granting of a mistrial could be tantamount to dismissing the charges against defendant because of the double jeopardy implications of such an action. The prosecuting attorney told the court that he preferred the risk that defendant could not be tried, rather than proceed with the trial, because the defendant's cross-examination of Thomas had virtually destroyed any chances of conviction. The court, upon the insistence of the prosecuting attorney, granted the state's motion for

a mistrial and discharged the jury. The defendant subsequently filed a motion to dismiss the prosecution of the capital murder charge on double jeopardy grounds, and the court sustained the motion. That dismissal occurred on August 29, 1983. On August 30, 1983, the prosecuting attorney filed a charge against the defendant of murder in the first degree under § 565.003, RSMo 1978, *repealed by* Laws of Mo.1983, p. 922. Section 565.003 read as follows: "Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping."

Before reaching the merits of the case, defendant's motion to dismiss the state's appeal must be considered. The defendant urges that the state was not entitled to appeal under § 547.200.2, RSMo Supp.1984. (effective September 28, 1983). Defendant argues that the appeal in this case would constitute an *ex post facto* application of the statute, that the statute does not unequivocally confer a right of appeal on the State, and that the appeal itself is a violation of double jeopardy principles. Defendant's motion must be denied.

The statute permitting an appeal by the state does not have retroactive effect if applied in this case. For a statute to offend as an *ex post facto* law, it must apply to events occurring prior to the passage of the statute *and* change the legal consequences of those acts. *State v. Davis*, 645 S.W.2d 160, 162 (Mo.App.1982). The appeal in this case does not change the consequences of the acts. Whether double jeopardy exists is not affected by the appeal—that is the issue to be determined by the appeal.

The defendant argues that the statute does not confer a right of appeal on the state under these facts. In support of this argument, the defendant cites *State v. Evans*, 679 S.W.2d 434 (Mo.App.1984). In

*Evans,* the trial court granted a mistrial at the request of the state and then sustained a motion to dismiss the charge on double jeopardy grounds. *Id.* at 435. In sustaining the motion to dismiss, the court found no misconduct on the part of defense counsel to have caused the mistrial and thus the mistrial requested by the state was erroneously given. *Id.* The state appealed the order dismissing on double jeopardy grounds and the defendant moved to dismiss the appeal. *Id.* The *Evans* court did dismiss the appeal, thus holding there was no statutory right for the state to appeal. *Id.* at 436.

*Evans* is factually analogous to the situation which existed here at the conclusion of the capital murder trial. Taken at face value, the holding of *Evans* would bar appeal by the state in any case where a mistrial motion opposed by defendant has ultimately resulted in a dismissal on double jeopardy grounds because *Evans* dismissed such an appeal on motion of defendant, asserting no such right of appeal existed. The discussion in *Evans,* however, related to the merits of the issue presented by the state's appeal. The *Evans* court said there was no manifest necessity for a mistrial based upon the trial court's finding that there was no misconduct by defense counsel. *Id.* The opinion states that the court agreed with the trial court's order terminating the proceeding below on double jeopardy grounds. *Id.* *Evans* could be read broadly, as the defendant in the instant case urges, as barring an appeal by the state in any case where defendant has been discharged on double jeopardy grounds. We decline to give *Evans* the effect defendant requests. The issue of an appeal by the state in circumstances like the dismissal of the capital murder charge in the instant case is not before us for determination, but it is unlikely we would dismiss such an appeal. The issue the state has appealed in the present case is the trial court's order dismissing the first degree murder charge on the ground it is barred under principles of double jeopardy.

Section 547.200.2 in pertinent part reads as follows:

The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in Section 547.210 *and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant.* The Supreme Court shall issue rules governing such appeals.

(Emphasis added).

 Contrary to what may be inferred from the holding of *Evans,* the emphasized language does not preclude an appeal such as the one at bar, nor in our view an appeal such as the one in *Evans.* The statute's exception, contained in the italicized language, bars any appeal where a successful appeal would result in a new or renewed prosecution which would offend double jeopardy principles. The statute does not bar an appeal to determine the propriety of the application of double jeopardy principles to discontinue a pending prosecution.

Turning to the merits of the state's appeal, established principles of double jeopardy jurisprudence narrow the issue to be decided. The Fifth Amendment Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause " 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Further, "[w]here successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.' " *Brown,* 432 U.S. at 165, 97 S.Ct. at 2225 (quoting *United States v.*

*Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) ). The premise underlying the Double Jeopardy Clause,

> one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). The Double Jeopardy Clause "surely protects a man who has been acquitted from having to 'run the gantlet' " a second time. *Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970) (quoting *Green,* 355 U.S. at 190, 78 S.Ct. at 225).

■ The declaration of a mistrial clearly implicates double jeopardy principles because of the defendant's right to a particular tribunal as the decision-maker in his case and further, his right to freedom from successive prosecutions for the same offense. *City of Smithville v. Summers,* 690 S.W.2d 850 (Mo.App.1985).

■ In the present case, the principles of double jeopardy are more strongly implicated because of the *dismissal* of the capital murder charge. There is not the slightest doubt that the dismissal of the capital murder charge *was not* due to manifest necessity. The issue as to that phase of the case is controlled by *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), which holds that when the mistrial is not justified, the defendant's claim of double jeopardy must be sustained. In the instant case, the prosecutor demanded the mistrial because he felt chancing a double jeopardy situation was preferable to continuing with the jury trial. His action was intended to enhance the possibility of conviction and to avoid an acquittal, which is, of course, the specific evil which the suc-

cessive prosecution aspect of the double jeopardy doctrine is intended to remedy. A declaration of mistrial to afford a better chance to convict cannot be justified. *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976).

■ The state relies on a single point for reversal of the trial court's order dismissing the first degree murder charge. The state asserts that since first degree murder is not a lesser-included offense of capital murder even though in this case it is based upon the same facts, a second prosecution is not for the "same crime." In support of that argument, the state points out that under the § 556.046, RSMo 1978 definition of a lesser-included offense as interpreted in *State v. Baker,* 636 S.W.2d 902, 904–05 (Mo. banc 1982), first degree murder as defined in § 565.003, RSMo 1978 (repealed) is not a lesser-included offense of capital murder as defined in § 565.001, RSMo 1978 (repealed). No authority discussing double jeopardy is cited for the proposition, but it is apparently the state's position that unless one offense is a lesser-included offense of another, it cannot be the same offense for double jeopardy purposes. Although the state does not cite it, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), does hold that a conviction of a lesser-included offense bars a subsequent prosecution of the greater offense which included the lesser offense. In *Brown,* the court specifically relied upon the *Blockburger* test announced in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine that a lesser-included offense was the same offense as the greater offense in which it was included for double jeopardy purposes and said:

> If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. See *In re Nielsen,* 131 U.S. 176, 187–188, 9 S.Ct. 672, 675–676, 33 L.Ed. 118 (1889); *cf. Gavieres v. United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). Where the judge is forbidden to impose cumula-

tive punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings. Unless "each statute requires proof of an additional fact which the other does not," *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871), the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment.

*Brown,* 432 U.S. at 166, 97 S.Ct. at 2225.

Thus, the *Brown* court indicates in the language cited that for the purpose of successive prosecutions, the double jeopardy protection is coextensive with the protection against cumulative punishments for two crimes at the end of a single proceeding. In subsequent cases of the Supreme Court, and particularly in *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the court has made it plain that the *Blockburger* test is, in reality, a rule of statutory construction, and that even if statutes are the same under the *Blockburger* test, cumulative punishment for violation of both statutes is not barred if the legislative intent is plain that such cumulative punishments are permitted. The ruling of *Brown* based on the *Blockburger* test in a successive prosecution situation is not a *constitutional limit* for the definition of the *same offense.* In fact, in *Brown,* 432 U.S. at 166, footnote 6, 97 S.Ct. at 2226, the court said specifically that the *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. In that footnote, the court points out that even when the *Blockburger* test is satisfied, successive prosecutions may be barred in some circumstances. Significantly, one of the circumstances cited by the court in the footnote is found in the case of *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), in which a subsequent prosecution for adultery was barred by a prior conviction on a charge of cohabitation. The court points out that *Nielsen* specifically satisfies the *Blockburger* test, but the court held that the offenses were the same for the purposes of protecting the accused from having to "run the gantlet" a second time.

The significance of that footnote is especially pertinent in the instant case because our own case law, in reliance upon *Nielsen,* has extended the protection of the Fifth Amendment Double Jeopardy Clause in a similar fashion. In *State v. Parsons,* 513 S.W.2d 430 (Mo.1974), the court found that it was in law and in fact only one crime when a defendant was convicted of first degree murder by inflicting a mortal wound with an explosive device and in a second count with causing an explosive device to be exploded placing the same person in danger of death. The court said in discussing this issue as follows:

The bombing which endangered the victim's life was one and the same, inseparable and indivisible with the bombing which took her life. The victim's death was instantaneous and simultaneous with the explosion of the bomb. The bomb was the death weapon. The necessary act toward the commission of the murder was the bombing. Likewise, the necessary act toward the commission of the bombing was the identical act necessary to constitute the crime of murder. The bombing was an incident included in the crime of murder as charged, but the state has obtained a conviction not only of the crime of murder by bombing but also a conviction for the incident of bombing. Absent a waiver, as in *State v. Terry,* 325 S.W.2d 1 (Mo.1959), a person cannot be "tried and convicted for a crime which has various incidents included in it," and at the same time be tried for one of those incidents, "without being twice put in jeopardy for the same offence." *In re Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889). There was but one crime. The state cannot split a single crime and prosecute it in separate parts. *State v. Toombs,* 326 Mo. 981, 34 S.W.2d 61, 64 (1930); *State v. Whitley,* 382 S.W.2d 665 (Mo. 1964); *State v. Richardson,* 460 S.W.2d 537, 539[1] (Mo. banc 1970). If there is but a single act of force proved as an incidental means of committing a murder

that act of force may not also be charged as a separate crime.

*Id.* at 438. To the same effect are *State v. Richardson,* 460 S.W.2d 537 (Mo. banc 1970), and *State v. Neal,* 514 S.W.2d 544 (Mo. banc 1974). These three cases are aptly described and summarized in *State v. Johnson,* 549 S.W.2d 627, 630 (Mo.App. 1977), where the court notes, "The law recognizes a correlative principle, invoked by the defendant, that a person convicted of an offense and then put on trial for an element of that offense has been put twice in jeopardy for the same accusation." *Johnson* further states, "Implicit within this formula is the corollary and exception that a single act of force against one person allows only one criminal prosecution against the actor, however the essential elements of the offenses may be described." *Id.* at 631, *citing Richardson,* l.c. 540; *Parsons,* l.c. 438; *Neal,* l.c. 548.

Missouri has, in determining the same offense for double jeopardy purposes, derived the principle as stated in *Johnson* similarly to the principle stated and applied in *Nielsen* and one equally applicable to the instant case. There is but one single act of force which resulted in the death of Rafferty in the instant case. It is the same act of force which gives criminality under the charge of first degree murder and capital murder. It is in the words of *Johnson* "a single act of force against one person, [*which*] allows only one criminal prosecution against the actor, however the essential elements of the offenses may be described." *Id.* The judgment of the trial court sustaining the plea of double jeopardy to the charge of first degree murder is affirmed.

All concur.