**STATE ex rel. David C. DALLY, Prosecuting Attorney, Jasper County, Relator,**

v.

**Honorable L. Thomas ELLISTON, Judge, Circuit Court, Jasper County, Respondent.**

No. 73561.

Supreme Court of Missouri, En Banc.

June 11, 1991.

---

Douglas K. Crandall, Asst. Pros. Atty., Jasper County, Carthage, for relator.

Randall J. Schlegel, Asst. Public Defender, Kansas City, for respondent.

ROBERTSON, Judge.

Relator David C. Dally, the Prosecuting Attorney of Jasper County (the State), filed this original action in prohibition seeking to prevent respondent, the Honorable L. Thomas Elliston, Judge of the Circuit Court of Jasper County, from entering an order striking the State's allegations of aggravating circumstances in a first degree murder case filed pursuant to Sections 565.005 and 565.032.2(7), RSMo 1986. As this Court has exclusive appellate jurisdiction over matters pertaining to the death penalty, we waive the requirement that the petition for writ be filed in the court of appeals. Rule 84.22; Rule 84.24. We have jurisdiction. Mo.Const. art. V, § 4. The preliminary order in prohibition previously issued is made absolute.

I.

The State charged William J. Wollweber with murder in the first degree. Section 565.020, RSMo 1986. Wollweber was arraigned before respondent on October 25, 1990. At the arraignment, respondent set a schedule for monthly hearings on pretrial matters and established April 22, 1991, as the trial date. The day following the arraignment, the State announced its intention to seek the death penalty against Wollweber.

On January 22, 1991, respondent ordered the parties in the case to comply with the discovery requirements of Section 565.005, RSMo 1986, which provides:

1. At a reasonable time before the commencement of the first stage of any trial of murder in the first degree at which the death penalty is not waived,

the state and defendant, upon request and without order of the court, shall serve counsel of the opposing party with:

(1) A list of all aggravating or mitigating circumstances as provided in subsection 2 of section 565.032, which the party intends to prove at the second stage of the trial;

Section 565.032 supplies the authorized aggravating circumstances:

1. In all cases of murder in the first degree for which the death penalty is authorized, the judge in a jury-waived trial shall consider, or he shall include in his instructions to the jury for it to consider:

(1) Any of the statutory aggravating circumstances enumerated in subsection 2 which are requested by the state and supported by the evidence;

\* \* \* \* \* \*

2. Statutory aggravating circumstances for a murder in the first degree offense shall be limited to the following:

\* \* \* \* \* \*

(7) The murder in the first degree was outrageously or wantonly vile, horrible or inhuman in that it involved torture, or depravity of mind;

In response to respondent's order, the State filed its Answer to Defendant's Request for Aggravating Circumstances, informing Wollweber that:

1. Plaintiff intends to prove the following aggravating circumstances:

a. The Murder in the First Degree was outrageously or wantonly vile, horable [sic] or inhuman in that it involved torture, or depravity of mind.

In response, Wollweber filed "Defendant's Motion to Strike Unconstitutionally Vague Allegations of Aggravating Circumstances based on Section 565.032.2(7), RSMo 1986." In that motion, Wollweber contended that the phrases "outrageously or wantonly vile, horrible, or inhuman" and "depravity of mind" are vague and overbroad in violation of the constitution, citing *Godfrey v. Georgia*, 446 U.S. 420, 428, 100 S.Ct. 1759, 1764, 64 L.Ed.2d 398 (1980); *Maynard v. Cartwright*, 486 U.S. 356, 108

S.Ct. 1853, 100 L.Ed.2d 372 (1988); *Shell v. Mississippi*, —— U.S. ——, 111 S.Ct. 313, 313, 112 L.Ed.2d 1 (1990); *Newlon v. Armontrout*, 885 F.2d 1328 (8th Cir.1989), *cert. denied sub nom. Delo v. Newlon*, —— U.S. ——, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990). Respondent, apparently relying on *Newlon*, sustained Wollweber's motion stating that the allegation of the aggravating circumstances put forward by the State was unconstitutionally vague.

## II.

### A.

▉ Generally, prohibition serves to prevent a lower court from acting without or in excess of its jurisdiction. *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862 (Mo. banc 1986). "To depart from the usual application of prohibition, however, requires a 'peculiarly limited situation[ ]' where some 'absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order.'" *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991), *quoting State ex rel. Richardson v. Randall*, 660 S.W.2d 699, 701 (Mo. banc 1983).

In this case, the effect of respondent's order is to require the State to proceed to trial without the ability to present the aggravating circumstance provided in Section 565.032.2(7). No appeal lies from respondent's decision prior to trial and the double jeopardy clause renders meaningless any effort to correct respondent's order following trial. Section 547.200.2, RSMo 1986; *State v. Coor*, 740 S.W.2d 350 (Mo.App. 1987). Thus, the peculiarly limited situation to which this Court referred in *Keeter* exists here. We exercised our discretion in issuing this original writ because "questions of significance fail otherwise to obtain judicial review." *Keeter*, 804 S.W.2d at 752.

### B.

The record shows that the gravamen of Wollweber's motion is that the language

"outrageously or wantonly vile, horrible or inhuman in that it involved torture, or depravity of mind" as recited in Section 565.-032.2(7) is so vague as to be unconstitutional. In support of his ruling before this Court, respondent offers a line of cases to demonstrate that such language is unconstitutional under the Eighth Amendment to the United States Constitution. *See Godfrey v. Georgia,* 446 U.S. 420, 428, 100 S.Ct. 1759, 1765, 64 L.Ed.2d 398 (1980) ("outrageously or wantonly vile, horrible and inhuman," standing alone, permits "arbitrary and capricious infliction of the death sentence"); *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) ("especially heinous, atrocious, or cruel" unconstitutionally vague under the eighth amendment); *Shell v. Mississippi,* —— U.S. ——, 111 S.Ct. 313, 313, 112 L.Ed.2d 1 (1990) ("especially heinous, atrocious, or cruel" not constitutionally sufficient without effective limiting instruction); *Newlon v. Armontrout,* 885 F.2d 1328 (8th Cir.1989) (terms "outrageously or wantonly," "horrible or inhuman," and "depravity of mind" unconstitutionally vague); *Moore v. Clarke,* 904 F.2d 1226, 1228–29 (8th Cir. 1990) ("especially heinous, atrocious, cruel, or manifested exceptional depravity," standing alone is constitutionally deficient); *State v. Feltrop,* 803 S.W.2d 1, 14 (Mo. banc 1991) (the language "depravity of mind ... outrageously or wantonly vile, horrible or inhuman," without further definition, too vague to provide adequate guidance to a sentencer).

The cases cited by respondent each focus on the sentencing phase of a death penalty case. But Wollweber's motion does not argue the constitutional infirmity of the Section 565.032.2(7) aggravating circumstance in a sentencing context. *State v. Smith,* 756 S.W.2d 493 (Mo. banc 1988), *State v. Griffin,* 756 S.W.2d 475 (Mo. banc 1988), and *State v. Preston,* 673 S.W.2d 1 (Mo. banc 1984), remove the constitutional infirmity identified in *Newlon* by providing a limiting construction to channel the sentencer at the appropriate time. *See MAI–CR* 3d 313.40.

Instead, Wollweber's motion attacks the constitutionality of Section 565.032.2(7),

claiming that the statute is unconstitutionally vague when used as a pretrial response to a defendant's request for discovery of the aggravating circumstances the State intends to assert at the penalty phase of the trial. The argument proceeds along two lines.

### 1.

■ First, respondent seems to contend that because *Newlon* found the (pre-*Smith, Griffin, Preston*) statutory language vague within a sentencing context, the language is also vague within a pretrial discovery context. In *State v. Feltrop,* 803 S.W.2d 1, 16 (Mo. banc 1991), this Court presumed that the trial court was aware of the law and presumed that the trial court applied the limiting construction approved in *Smith* and progeny when it rendered sentence. We may also presume here that the limitations placed on Section 565.032.-2(7) by this Court and by the approved instructions are both known to the trial court and to defendant's counsel and will be applied by both as they conduct discovery and prepare for trial. Section 565.-032.2(7) is not unconstitutional when read with MAI–CR 3d 313.40, *Smith, Griffin* and *Preston.*

### 2.

■ Even if Section 565.032(2) is constitutional under a *Newlon* analysis, respondent urges that due process requires adequate pretrial discovery. On the record before us, there is simply no support for respondent's proposition that the pretrial discovery involved here violates due process.

The State has fully complied with Section 565.005. The defendant has been notified that the State intends to submit the statutory aggravating circumstance authorized under Section 565.032.2(7) in the penalty phase. The defendant is fully aware of the limiting instructions which will define "depravity of mind" as required under *Smith, Griffin* and *Preston* and MAI–CR 3d 313.-40. The defendant has been informed of every relevant fact and every intended wit-

ness known to the State. The basic purpose of discovery is "to facilitate the search for truth by eliminating, as far as possible, concealment or surprise at trial," *State v. Lingar*, 726 S.W.2d 728, 738 (Mo. banc 1987), and is met by the State's citation of the statutory language.

Respondent's arguments are not persuasive and must fail.

### C.

 Because we hold that Section 565.-032.2(7) does not violate the constitution within the context of pretrial discovery in a first degree murder case in which the death penalty is sought, prohibition appropriately lies to prohibit the trial court from sustaining the "Defendant's Motion to Strike Unconstitutionally Vague Allegations of Aggravating Circumstances Based on Section 565.032.2(7), RSMo 1986."

### III.

The preliminary rule issued in prohibition is made absolute.

RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BLACKMAR, C.J., concurs in separate opinion filed.

BLACKMAR, Chief Justice, concurring.

I concur.

The specification of the statutory aggravating circumstance, in the language of the statute, is sufficient as a "pleading" to support the trial of the issue and the instruction of the jury in accordance with such portions of § 565.032.2(7), RSMo 1986, and MAI–CR 3d 313.40 (adopted in response to *Newlon v. Armontrout*, 885 F.2d 1328 (8th Cir.1989)) as are supported by the evidence. Thus the jury is expressly instructed in terms of the narrowing construction of *State v. Preston*, 673 S.W.2d 1, 10–11 (Mo. banc 1984).

I am not prepared to commit myself at this time to the endorsement of each of the circumstances detailed in *Preston*, as sufficient under *Godfrey v. Georgia*, 446 U.S.

420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) and *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). Such a commitment is not necessary. Nor is it necessary to express a view as to the possible application of *State v. Feltrop*, 803 S.W.2d 1 (Mo. banc 1991), which would apparently authorize the trial judge to cure the effect of erroneous instructions on sentencing. The prosecution has laid sufficient foundation to permit the bifurcated trial to proceed. The trial judge had no authority to take action which would finally remove the death penalty from the case.

I concur.