STATE of Missouri, ex rel. John W. LESS, S. Charles Baer, Thomas J. Barta, Barry L. Faintich, Kenneth A. Goldberg, W. Alfred Hayes, Jr., Thomas C. Hullverson, Thomas Kolbrener, W. Stanley Walch and John F. Buck, Relators,

v.

The Honorable Emmett M. O'BRIEN, Judge of the Circuit Court for the County of St. Louis, Division 11, Respondent.

No. 59960.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Aug. 13, 1991.

The Stolar Partnership, Charles Alan Siegel, E. Michael Murphy, Joseph Nessenfeld, St. Louis, for relators.

Popkin & Stern, Alan E. Popkin, Michael H. Wetmore, David W. Sobelman, St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an original proceeding in prohibition brought by relators against respondent circuit judge to prohibit the latter from denying relators' motion to dismiss Count II of plaintiff's petition. We quash the preliminary order in prohibition.

Relators filed suit (hereinafter initial proceeding) against Lurie in the United States District Court for the Eastern District of Missouri in June, 1984. Relators charged, in their complaint and amendments thereto, that Lurie had wrongfully induced them to invest substantial amounts of money in speculative oil ventures. These allegations were set forth in nine counts; two of which, Count I and Count VI, alleged fraud. Count I alleged securities fraud and Count VI alleged common law fraud. Relators abandoned these two fraud counts before submitting the case to the jury. The jury returned a defendant's verdict for Lurie on the remaining seven counts. Relators did not appeal the verdict.

On May 18, 1990, Lurie filed a two count malicious prosecution suit (hereinafter underlying suit) against relators in the Circuit Court of St. Louis County. Count I of the underlying suit alleged that relators maliciously prosecuted the entire initial proceeding without probable cause. That count is not directly involved in this prohibition proceeding. Count II of the underlying suit specifically alleged that the two fraud counts of the initial proceeding were instituted maliciously and without probable cause. Relators answered Count I, and moved to dismiss Count II on the ground that abandonment of the fraud theories for recovery prior to submission to the jury in the initial proceeding did not suffice as an independent basis for malicious prosecution. On March 1, 1991 the Honorable Emmett M. O'Brien overruled relators' motion to dismiss Count II of Lurie's complaint.

Relators filed a Petition for Writ of Prohibition seeking to restrain the circuit court from denying the motion to dismiss. On April 18, 1991, this court issued a Preliminary Order in Prohibition. The issues were briefed and oral arguments were heard.

The primary purpose of the writ of prohibition is to prevent usurpation of judicial power, § 530.010, RSMo 1986, not to provide a remedy for all legal difficulties nor serve as a substitute for appeal. *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo. banc 1980). Generally, lack of jurisdiction and lack of an adequate remedy by appeal must be established before issuance of a writ. *State ex rel. Martin v. Peters*, 649 S.W.2d 561, 563 (Mo.App.1983). Furthermore, prohibition will not be granted unless an act in excess of jurisdiction is clearly evident and the presumption of correct action in favor of the trial judge is overcome by relators. *Id.* The propriety of issuing a writ of prohibition was delineated in *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983), where the Supreme Court stated, "we should not continue unfettered use of the writ of prohibition to allow interlocutory review of trial court error." *Id.* at 891.

Relators rely in part on *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861 (Mo. banc 1986), where the Supreme Court deviated from the *Morasch* Court's strict circumscription of the writ. The Court recognized the writ's above stated purpose, discussed the unsettled application of the writ to those situations where

**4**

appeal does not provide adequate remedy, and created an exception to the writ requirements. In granting the writ compelling complainant to appear before the Commission on Human Rights the Supreme Court stated:

> Thus, where there is an issue which might otherwise escape this Court's attention for some time and which in the meantime is being decided by administrative bodies or trial courts whose opinions may be reason of inertia or other cause become percedent [sic]; and, the issue is being decided wrongly and is not a mere misapplication of law; and, where the aggrieved party may suffer considerable hardship and expense as a consequence of such action, we may entertain the writ for purposes of judicial economy under our authority to 'issue and determine original remedial writs.' Mo. Const. art. V, § 4.1.

*Noranda Aluminum*, 706 S.W.2d at 862–63 (footnote omitted).

The Supreme Court recently reinforced the limited applicability of the writ outside the usual two part test in *State ex rel. Dally v. Elliston*, 811 S.W.2d 371 (Mo. banc 1991). The *Dally* Court warned that departure from the usual application of prohibition requires a peculiarly limited situation where irreparable harm may come to a litigant if some type of justifiable relief is not made available to respond to a trial court's order. *Id.* at 373. This precedent requires us to apply the two part test, unless the *Noranda* considerations would justify dispensing with it.

Although relators did not explicitly argue that the circuit court acted in excess of its jurisdiction, this allegation can be inferred from their contention that Lurie failed to state a cause of action and, therefore, respondent erroneously denied relators' motion to dismiss. Regardless, relators have not satisfied the burden of showing and it is not clearly evident that the circuit court acted in excess of its jurisdiction by not dismissing Count II.

■ The second prong of the test for determining whether prohibition will lie requires us to determine whether failure to dismiss an alleged cause of action may be raised on appeal. Relators argue that there is no adequate remedy by appeal because nothing can cure this matter until the issue is finally taken up on appeal. They contend that in the interim, relators and other similarly-situated parties will be harmed by having to litigate an unwarranted cause of action.

Appellate review is available to relators once all of the issues have been adjudicated. Relators can certainly attack the denial of the motion to dismiss on appeal as improper. The extraordinary writ of prohibition should not be used to allow an interlocutory appeal of alleged trial court error, *State ex rel. Clem Trans., Inc. v. Gaertner*, 688 S.W.2d 367, 368 (Mo. banc 1985), especially when the circumstances do not fit under the *Noranda* exception.

In arguing that this is such a case contemplated by *Noranda*, relators assert that Count II should be dismissed because it does not and cannot state a claim on which relief is granted. They contend that Lurie's malicious prosecution claim is not based on an allegation of a "commencement of a judicial proceeding;" one of the requirements for stating a malicious prosecution claim. *Zahorsky v. Griffin*, 690 S.W.2d 144, 151 (Mo.App.1985). Therefore, permitting trial of this count would entail the excessive expense and vexation of defending useless and unwarranted litigation.

We find that this was not a case anticipated by *Noranda*. Although this issue may escape this court's attention for some time until raised on appeal, it would only be a correctable misapplication of law. Moreover, relators will not suffer considerable hardship and expense because the issues they are seeking to avoid litigating under Count II, the fraud allegations, will still be litigated in Count I. Relators' attorney stated at oral argument that the concern was not "expenses" but the effect on their's and others' pleading and trial strategy. This is not a peculiarly limited situation where irreparable harm will come to relators because the same issues will be litigated in Count I irrespective of whether the writ is issued.

Respondent relies upon *Boogher v. Bryant*, 86 Mo. 42 (April term 1885), a Supreme Court criminal opinion which predates our modern Rules of Civil Procedure, to counter relators' position. Whether the principles of law in *Boogher* are applicable to the facts of this case sub judice or the rules set down in *Zahorsky*, we will not make that determination under the guise of a writ of prohibition.

As we have said so often, the writ of prohibition is not a substitute for appeal. *State ex rel. Jim Walter Plastics v. Sihnhold*, 629 S.W.2d 668, 669 (Mo.App.1982). It is not to be used to adjudicate grievances which may be adequately addressed in an ordinary course of judicial proceedings. If the respondent commits error, that error can be preserved and presented on an appeal from the final judgment.

Relators have not satisfied the traditional two part test nor shown that this case merits issuance of the writ under the *Noranda* exception. We therefore hold that our preliminary writ of prohibition was improvidently issued and we quash the writ.

SIMON, P.J. and CRANE, J., concur.