STATE of Missouri, Appellant,

v.

**Dennis M. BURNS, Respondent.**

No. WD 56020.

Missouri Court of Appeals,
Western District.

Aug. 24, 1999.

■

**2.** All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

Hershel D. Shepherd, Asst. Pros. Atty., St. Joseph, for appellant.

Thomas Jefferson Stephens, IV, Maryville, for respondent.

Before BRECKENRIDGE, C.J., P.J., ULRICH, J. and EDWIN H. SMITH, J.

ULRICH, Judge.

The State of Missouri appeals the trial court's dismissal of a felony complaint charging Dennis Burns with delivery of a controlled substance, section 195.211, RSMo 1994. Mr. Burns contends that this court is without jurisdiction over this ap-

peal because the trial court's dismissal of the case was not a final judgment or an interlocutory order that may be appealed and because the appeal was not timely filed. The appeal is dismissed.

The respondent, Dennis Burns, was charged by information with one count of the class B felony, delivery of a controlled substance, section 195.211, RSMo 1994, on September 18, 1997. Mr. Burns filed a motion to dismiss based on the State's failure to comply with a pre-trial order to produce a confidential informant, who was a material witness in the case, for an interview by defense counsel. The trial court entered an order of dismissal without prejudice on the morning trial was to commence. The State appealed the trial court's dismissal to this court. Following an opinion by this court, the Missouri Supreme Court granted transfer. Thereafter, the Supreme Court dismissed the State's appeal finding that it was without jurisdiction over the appeal because the judgment was not final. *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999)

While the initial case was pending on appeal, Mr. Burns was charged by felony complaint with the same crime, one count of delivery of a controlled substance, section 195.211, RSMo 1994, on January 14, 1998. Mr. Burns filed a motion to dismiss arguing "[t]o prosecute the defendant in this case for the same offense while an appeal is pending on the dismissal of the identical charge violates the defendant's right to due process of the law and to be free from double jeopardy." Following argument on the motion, the trial court dismissed the case. This appeal by the State followed.

The right of the State to appeal in a criminal case is purely statutory. *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999); *State v. Morton*, 971 S.W.2d 335, 339 (Mo. App. E.D.1998). Section 547.200 [1] authorizes an appeal by the State only in certain cases:

1. All statutory references are to RSMo Cum. Supp.1998 unless otherwise indicated.

1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:

   (1) Quashing an arrest warrant;

   (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020, RSMo;

   (3) Suppressing evidence; or

   (4) Suppressing a confession or admission.

2. The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals.

§ 547.200. The trial court's dismissal of this matter is not one of the four types of interlocutory orders specified in section 547.200.1. The question then is whether the State may appeal the dismissal under section 547.200.2.

Subsection 2 of section 547.200 directs the Missouri Supreme Court to issue rules governing appeals under the subsection. § 547.200.2. Section 547.200.5 also provides direction to the Supreme Court:

> The supreme court shall issue appropriate rules to facilitate the disposition of such appeals, balancing the right of the state to review the correctness of pretrial decisions of a trial court against the rights of the defendant to a speedy trial, including measures to facilitate these appeals by shortening of the time to file appellant's brief under supreme court rule 30.06(K) to ten days, and eliminations of motions for rehearing or transfer under supreme court rules 30.26 and 30.27.

§ 547.200.5.

■ Accordingly, the Supreme Court has issued Rule 30.01, which provides that parties, including the State, may appeal in a criminal case only "[a]fter the rendition of final judgment." Rule 30.01. A trial court's judgment is final for purposes of appellate jurisdiction if the judgment "disposes of all disputed issues in the case and leaves nothing for future adjudication." *Burns,* at 942 (quoting *Williams v. State,* 954 S.W.2d 710, 711 (Mo.App. S.D.1997)). In a criminal case, a judgment is generally final when sentence is entered. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Additionally, a judgment is final in a criminal case "when the trial court enters an order prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge." *Burns,* at 942.

■ In this case, the trial court's dismissal of the State's prosecution of Mr. Burns was not a final judgment. While an appeal to determine the propriety of the application of double jeopardy principles, which operate to discontinue a pending and any further prosecution, is allowed under section 547.200.2,[2] such is not the case here. Although Mr. Burns's motion to dismiss was cloaked in terms of double jeopardy, apparently his argument to the trial court and this court in support of his motion was based on Rule 23.10, which prohibits the commencement of another action for the same offense in another court so long as the criminal proceedings first commenced are pending. Assuming *arguendo* that Rule 23.10 precluded the State's filing of a new complaint for the same crime during the pendency of the initial case on appeal,[3] the rule would not preclude the filing of the new charge once the first case is no longer pending. Whether the State is precluded from filing

---

2. *State v. Henderson,* 701 S.W.2d 457, 459 (Mo.App. W.D.1985).

3. This opinion does not address the propriety of Mr. Burns's Rule 23.10 claim.

the charge against Mr. Burns for some other legal reason is not addressed. The trial court's dismissal in this case, therefore, was not a final judgment, and this court lacks jurisdiction to entertain the appeal. The appeal is dismissed.

All concur.