STATE of Missouri, Plaintiff/Appellant,

v.

**Percy WILLIAMS,**
**Defendant/Respondent.**

**No. ED 99399.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2013.

Application for Transfer Denied Oct. 1, 2013.

Adeyinka A. Faleti, Saint Louis, MO, for appellant.

Courtney M. Harness, Saint Louis, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

The State of Missouri (the State) appeals the trial court's order dismissing Percy Williams' (Williams) case with prejudice for failure to prosecute. The issue in this case is whether the trial court can dismiss a criminal case with prejudice for failure to prosecute absent a speedy trial violation. Because the trial court does not have said authority, we reverse.

### I. BACKGROUND

On March 23, 2012, Williams was charged with possession of a controlled substance in violation of Section 195.202,[1] a class C felony. On November 28, 2012, Williams notified the State and the trial court in writing that he intended to plead guilty on his next court date of December 10, 2012.

On December 11, 2012, Williams and his counsel appeared for the plea of guilty before the trial court; the State did not appear.[2] Defense counsel moved the trial court to dismiss the case for failure to prosecute. The trial court granted the

---

1. All statutory references are to RSMo.2000.

2. At oral argument, the State argued that it is customary for the parties and the trial court to coordinate a specific date and time for a plea of guilty during an assigned plea week. While the parties failed to conduct any of these proceedings on the record, both parties agree that the State was unavailable for the December 10, 2012 court date. At that court date, apparently defense counsel and the trial court set a plea date of December 11, 2012.

motion and dismissed the case with prejudice. This appeal follows.

## II. DISCUSSION

In its sole point on appeal, the State contends that the trial court erroneously dismissed the case with prejudice. We find that the trial court did not have authority to dismiss the case *with* prejudice absent a speedy trial violation. We reverse.

 We review a trial court's decision to dismiss a case for failure to prosecute for abuse of discretion. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). A trial court abuses its discretion when its judgment clearly goes against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

It is well-established that a trial court lacks inherent authority to dismiss a case *with prejudice* for failure to prosecute in the absence of a speedy trial request. *State v. Honeycutt*, 96 S.W.3d 85, 89 (Mo. banc 2003) (emphasis added). A prosecutor has broad discretion to determine when, if, and how criminal laws are to be enforced. *Id.* Only the prosecutor possesses the power to voluntarily dismiss or *nolle prosequi* a felony charge. *State v. Morton*, 971 S.W.2d 335, 340 (Mo.App. E.D.1998). As the Missouri Supreme Court rearticulated in *State v. Honeycutt*, "a key reason for this rule is that the prosecutor may know far more about the background of the case and the defendant than appears of record before the court, and even if the record causes a judge to believe that a case should or should not be dismissed, it should therefore be left to the prosecutor to exercise discretion to dismiss a case or allow it to continue." *Honeycutt*, 96 S.W.3d at 89. Williams argues that the trial court has the authority to dismiss a case for failure to prosecute. *See State v. Stringer*, 36 S.W.3d 821 (Mo.App. S.D. 2001). While the proposition that the trial court has the authority to dismiss a case without prejudice is true in certain circumstances, the trial court does not have the authority to dismiss a case *with prejudice* absent a speedy trial violation. Here, it is undisputed that Williams did not allege a speedy trial violation. The State's sole point on appeal is granted.

## III. CONCLUSION

For the foregoing reasons, we reverse and remand the case.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., Concur.