

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD78567** |
| | ) | |
| v. | ) | **OPINION FILED: February 9, 2016** |
| | ) | |
| **DANIEL A. ROSE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable James W. Van Amburg, Judge

Before Special Division: Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and
Zel M. Fischer, Special Judge

The State appeals from the trial court's order entered in response to a motion to dismiss filed by Daniel Rose ("Rose"). Rose's motion to dismiss asserted that prosecution of both counts set forth in an indictment would constitute double jeopardy, and asked the trial court to dismiss either of the two counts. Because the trial court's order did not dismiss either of the two counts in the indictment, the State has no statutory right to appeal the trial court's order. The appeal is dismissed.

**Factual and Procedural Background**

On February 20, 2015, a grand jury returned a two-count indictment alleging that Rose committed the class A felony of assault in the first degree in violation of section 565.050[1] and the class B felony of abuse of a child in violation of section 568.060.[2] Count I, the assault in the first degree charge, alleged that "on or about March 26, 2013 . . . [Rose] knowingly caused serious physical injury to K.E. by putting him in scalding hot water." Count II, the abuse of a child charge, alleged that "on or about March 26, 2013 . . . [Rose] knowingly caused K.E., a child who is less than fourteen years of age, to be placed in a situation in which K.E. may have suffered physical injury by placing K.E. in a bathtub of scalding water, and as a result, K.E. suffered from serious physical injury."

Rose filed a motion to dismiss ("Motion to Dismiss") that asked the trial court "to dismiss either Count I or Count II" because "[t]o try [Rose] on both counts would violate [his] protection against double jeopardy." The Motion to Dismiss asserted that proof of Count II encompasses all of the elements required to prove Count I. The Motion to Dismiss argued:

> Proof of Count II establishes all of the elements of Count I which are that "Defendant knowing [sic] caused serious physical injury to K.E. by putting him in scalding hot water." While proof of Count II requires proof of additional facts such as the age of the victim, there is no distinct element of Count I that differentiates it from Count II.

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

[2]Section 568.060 was amended by the Legislature in 2013, with the amendment taking effect on July 9, 2013. The crimes for which Rose is accused allegedly took place in March 2013 so that the version of section 558.060 applicable to this prosecution is the statute as amended by Senate Bill 628 in 2012. *See Cafferty v. State*, 453 S.W.3d 791, 793 n.1 (Mo. App. W.D. 2014) ("A defendant is to be tried for the offense as defined by the law that existed at the time the offense was committed.").

Thus, according to the Motion to Dismiss, assault in the first degree is an included offense of abuse of a child despite assault in the first degree being designated as a greater offense by the General Assembly.

The State opposed the Motion to Dismiss, arguing that the two charges are separate crimes with distinct elements so that prosecution of both would not constitute double jeopardy. Following a hearing on the matter, the trial court issued an order ("Order") concluding that "[p]rosecution of both charges would place [Rose] in jeopardy twice for one action" in violation of his protection against double jeopardy.[3] The court then "Ordered, Adjudged, and Decreed that the State dismiss Count I or Count II of the Indictment, or, at the State's option, submit to the jury the charges in Count I and Count II of the Indictment as alternative verdict directors."

The State appeals.

## Analysis

The State has a single point on appeal. The State asserts that the trial court erred in granting the Motion to Dismiss because assault in the first degree and felony abuse of a child contain distinct elements so that each charge contains an element not required by the other. Thus, the State argues, fully prosecuting Rose with both crimes does not violate Rose's protection against double jeopardy afforded by the United States Constitution, the Missouri Constitution, and section 556.041.

---

[3]The trial court cited the Fifth and Fourteenth Amendments of the United States Constitution, Article I; sections 10 and 19 of the Missouri Constitution; and section 556.041 as the bases for Rose's protection against double jeopardy.

Before we reach the merits of the State's appeal, we must determine whether or not the Order is an appealable judgment. The right to appeal is purely statutory. *State v. Burns*, 994 S.W.2d 941, 941 (Mo. banc 1999). "The State cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon a determination of law, unless a right of appeal is unequivocally conferred by statute." *State v. Stein*, 876 S.W.2d 623, 625 (Mo. App. E.D. 1994). The State and Rose agree that section 547.200 sets forth the circumstances under which the State may appeal.

The State may pursue an interlocutory appeal "from any order or judgment the substantive effect which results in: (1) [q]uashing an arrest warrant; (2) [a] determination by the court that the accused lacks the mental capacity or fitness to proceed to trial . . . ; (3) [s]uppressing evidence; or (4) [s]uppressing a confession or admission." Section 547.200.1. If the trial court's order or judgment does not fall into one of those four categories, then the State's appeal must be authorized by section 547.200.2, which provides:

> The state, in any criminal prosecution, shall be allowed an appeal . . . in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals.

Rule 30.01 clarifies that appeals may be taken "[a]fter the rendition of final judgment in a criminal case." Thus, to utilize section 547.200.2 as the authority for an appeal, the appeal must be taken from a final judgment. *Burns*, 994 S.W.2d at 942.

The State does not argue that the Order falls within any of the categories enumerated in section 547.200.1. Instead, the State argues that it is entitled to appeal

4

pursuant to section 547.200.2 because the Order constitutes a final judgment. "A trial court's judgment is final for the purposes of conferring appellate court jurisdiction if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication." *Burns*, 994 S.W.2d at 942. Ordinarily, the judgment is final in a criminal case when the sentence is entered. *Id.* "[A] judgment is [also] final when the trial court ***enters an order of dismissal or discharge of the defendant prior to trial*** which has the effect of foreclosing any further prosecution of the defendant on a particular charge . . . ." *Id.* (emphasis added.)

Here, Rose's Motion to Dismiss asked the trial court to dismiss either Count I (assault in the first degree) or Count II (abuse of a child) with prejudice. The Order did not grant the relief requested by Rose, as the Order did not dismiss or discharge Rose as to either count. Instead, the Order expressed the trial court's pretrial agreement with Rose's legal argument that the two counts, ***if fully prosecuted***, would place Rose in jeopardy twice for a single action. The Order gave the State the option: (1) to dismiss either Count I or Count II; or (2) to fully prosecute both Counts I and II and to submit same to the jury as alternative verdict directors. The Order was simply an interlocutory expression of the trial court's pretrial opinion about double jeopardy concerns. *See State v. Carter*, 78 S.W.3d 786, 787-88 (Mo. App. W.D. 2002) ("An interlocutory order is one that decides some matter, but is not a final decision of the whole controversy.").

The Order reflects recognition of the fact that the trial court's dismissal of either of the counts charged by the State as requested by Rose would have constituted judicial invasion into the prosecution's "broad discretion to determine when, if, and how criminal

laws are to be enforced." *State v. Williams*, 407 S.W.3d 691, 693 (Mo. App. E.D. 2013).

"When the State has probable cause to believe a crime has been committed, the decision whether or not to prosecute and what charges to file generally rests entirely within the prosecutor's discretion." *State v. Potts*, 181 S.W.3d 228, 232 (Mo. App. S.D. 2005). That exercise of discretion "is rarely subject to judicial review." *Id.* By giving the State the option either to dismiss one of the counts pending against Rose or to submit the counts to the jury as alternative verdict directors, the trial court correctly preserved the State's discretion to determine whether and how to enforce criminal laws.[4]

---

[4]Shortly after filing its notice of appeal, the State filed a petition for writ of mandamus asking this court to direct the trial court to dismiss either Count I or Count II of the indictment. *See State ex rel. Zahnd v. Van Amburg*, WD78629 (Mo. App. W.D. 2015). In other words, the State asked this court to force the trial court to interfere with the State's "broad discretion to determine when, if, and how criminal laws are to be enforced." *Williams*, 407 S.W.3d at 693. We denied the writ petition.

The writ petition did not challenge the trial court's pretrial legal determination that full prosecution of both counts in the indictment would violate double jeopardy, perhaps in recognition of the fact that this legal determination was an unappealable interlocutory order. Nor did the writ petition argue that the trial court's pretrial legal determination regarding double jeopardy presented "facts and circumstances . . . demonstrat[ing] unequivocally that there exists an extreme necessity for preventive action" notwithstanding the Order's interlocutory nature. *See State v. Carter*, 78 S.W.3d 786, 789 n.4 (Mo. App. E.D. 2002) (concluding that the trial court's order granting a new trial was not final for purposes of appeal but observing that the State may seek a remedial writ if the facts and circumstances met that standard).

In *State ex rel. Dally v. Elliston*, 811 S.W.2d 371, 373 (Mo. banc 1991), our Supreme Court exercised its discretion to entertain a writ of prohibition regarding an interlocutory order sustaining a defendant's motion to strike the State's unconstitutionally vague allegations of aggravating circumstances in support of the death penalty. The Court did so because "'questions of significance fail otherwise to obtain judicial review'" in that "[n]o appeal lies from [the trial court's] decision prior to trial and the double jeopardy clause renders meaningless any effort to correct [the] order following trial." *Id.* (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)).

No such "'peculiarly limited'" circumstance is argued to exist here. *Id.* (quoting *Keeter*, 804 S.W.2d at 752). If the State elects to proceed with full prosecution of both counts of its indictment, and is required over objection to submit the counts in the alternative, the State may be able to appeal the trial court's ruling so long as the possible outcome of the appeal would not result in double jeopardy for Rose. Section 547.200.2. And, depending on the manner of alternative submission, and the jury's verdicts, review of the double jeopardy issue on appeal would not necessarily require a second trial. Or, if the State elects to dismiss one of the charged counts prior to trial and then re-files the dismissed count after trial on the remaining count is complete, then the State can appeal should the re-filed count be dismissed on double jeopardy grounds, as that order would plainly discharge or dismiss a defendant prior to trial. *Burns*, 994 S.W.2d at 942. *See State v. Daws*, 311 S.W.3d 806 (Mo. banc 2010) (Defendant pled guilty to the misdemeanor of failure to yield to an emergency vehicle and was subsequently charged with felony resisting arrest. The felony resisting arrest charge was dismissed on the basis of double jeopardy. Our Supreme Court entertained the State's appeal as the order dismissed or discharged the defendant from prosecution.); *State v. Henderson*, 701 S.W.2d 457 (Mo. App. W.D. 1985) (Defendant was charged with capital murder, and during trial, the State requested and received a mistrial. The trial court then granted the defendant's motion to

6

Because the Order did not dismiss or discharge Rose from prosecution as to either count in the State's indictment, it cannot be argued that the Order is a final judgment that is subject to appeal pursuant to section 547.200.2.[5] *See State v. Smiley*, No. SC94745. 2016 WL 316588 (Mo. banc Jan. 26, 2016) (holding that pretrial order expressing agreement with defendant's position that sentencing required by statute would violate the constitution should juvenile be convicted but which did not dismiss charge against the juvenile defendant was not a dismissal, and was thus not appealable as a final judgment).

### Conclusion

The State's appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur

---

dismiss the capital murder charge on double jeopardy grounds. The next day, the State filed a charge of murder in the first degree, which the trial court also dismissed on the defendant's motion on double jeopardy grounds. We concluded that section 547.200.2 "does not bar an appeal to determine the propriety of the application of double jeopardy principles *to discontinue a pending prosecution*." (emphasis added)).

[5]We need not address whether the trial court's dismissal of less than all counts in the State's indictment would have constituted a final judgment that could have been appealed pursuant to section 547.200.2. *See* discussion of this issue in *State v. Wright*, 431 S.W.3d 526, 532-33, n.10, n.11 (Mo. App. W.D. 2014).